Ruffin, C. J.
 

 The Court cannot concur in the opinion of his Honor. It will be perceived, that there are no dates set forth in the case, nor any great length of possession by the defendant, nor any knowledge by him of the title of the lessor of the plaintiff, as derived from the defendant’s original co-tenant, nor any know!-
 

 
 *7
 
 edge that the person, who was turned out as a forcible trespasser, was the lessee of Meredith, nor even that such person was really Meredith’s lessee. Without something of the kind, the other two circumstances proved are too inconclusive, to constitute evidence' of an ouster. Although an actual ouster may be inferred' from circumstances, yet they must be such circumstances as tend to shew, that the tenant in possession denies the right of the other to any part and refuses to let him into' possession of his share, but claims the whole for himself.The rule is thus laid down by a respectable text writer : “ If, upon demand by the co-tenant of his moiety, the other refuse to pay, and deny his title, saying he claims the whole, and continue the possession, such possession is adverse and ouster enough.” And the test is fully authorised by the two cases, cited in support of it, of
 
 Dor d. Fisher
 
 v.
 
 Prosser,
 
 Cowp. 217, and
 
 Doe den. Hillings
 
 v.
 
 Bird,
 
 11 East. 49 ; in the latter of which it is said, “ the tenant in possession claiming the whole,- and denying possession to- the other, is sufficient evidence of ouster.” Now, it is plain that the principle *$an reach no case, in which the tenant in possession did not know or was not informed by the other of his right, so that he might understand to what extent he was required to surrender the possession, and that he was not required to give it as far as he could rightfully claim it under his own title to a share of the land. Hence, where a- demand and refusal, merely, are relied on as evidence of ouster, the kind of demand meant is a demand by the co-tentant of
 
 “
 
 his moiety.” If to such a demand the party in possession replies- by a denial that the other is entitled to a moiety, and an assertion of his own title to- the whole, that shews that his possession is not held for his fellow and himself, but for himself exclusively, and thus is-adverse and constitutes evidence of an ouster. But if a ©o-tenant aliens and the alienee, without giving notice that he has the estate that was in his vendor, comes to
 
 *8
 
 the other and demands possession generally, the latter may well regard him as a stranger, who is attempting the usurpation of the title and possession of the whole, and as such refuse to surrender the possession. For in such a case the demand is, that the tenant in possession shall surrender it out and out, and not, that he shall let in the other with him ; and he is only doing that,, which is apparently his duty to the former owner, whom he supposes to be his co-tenant still, as well as asserting his own right, by a refusal to let such a person in at all. It cannot be inferred from such a transaction, that the possessor is claiming all
 
 for himself:
 
 which is indispensable to turn the possession into an adverse one ; but only, that he docs not acknowledge in the person, who makes the demand, a title, of which he is ignorant, and the other gives him no notice.
 

 It follows from what has been said, that the proceed- \ ings- for a forcible entry and detainer still less tend to create a presumption of an intention in the defendant to hold the possession against his co-tenant, Elizabeth Locke, or any person entitled under her to a moiety. It is said, indeed, that person claimed to be Meredith’s tenant. But that cannot make a difference ; for it is to be presumed, that, like his landlord, he claimed the whole land. Besides, nothing else appearing to the contrary, it is an inference from the judgment of the Justices, that the supposed lessee took possession in an illegal and violent manner, and without any right. For, although it is said, that he “ claimed” under the lessor of the plaintiff, it does not appear, that he made that known to the defendant, nor, does it appear, that he had in fact a lease from that person. Even supposing, then, that the defendant was informed of Meredith’s title to a share, (.which cannot be assumed) yet he had sufficient grounds for. proceeding, as he did, against one, who was
 
 prima facie
 
 a trespasser with strong hand; and it creates no likelihood, that the defendant intended to put out or to keep out the person,
 
 *9
 
 whoever be or sbe might be, to whom the undivided moiety of the land, descended from John Andres, really belonged, and claim the whole for himself. Such may have been the fact; but, if it be, it was not made' to appear upon the trial of this suit.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.