## TAYLOR v. BRINKLEY.

(Filed September 16, 1902.)

IMPROVEMENTS—*Fraud—Wills—Evidence.*

> Where the plaintiff is induced to make improvements on land by promise of testator that he should have the use of it while testator lived, and at death of testator the land should belong to wife of plaintiff, and the testator devises it to wife of plaintiff for life, with remainder to her children, it is not such fraud as authorizes plaintiff to recover for such improvements.

ACTION by F. H. Taylor against A. Brinkley and others, heard by Judge *George H. Brown,* at April Term, 1902, of the Superior Court of HALIFAX County. From a judgment for the defendants, the plaintiff appealed.

*Day & Bell,* for the plaintiff.
*Thos. N. Hill,* and *E. L. Travis,* for the defendants.

FURCHES, C. J. On the 18th of November, 1885, the plaintiff married Hattie E. Perkins, the only daughter of the intestate. The plaintiff was at that time a resident of the State of Virginia, and the testator a resident of Halifax County, North Carolina. At the urgent solicitation of the testator, the plaintiff disposed of his property in Virginia and moved to North Carolina in the fall of 1888, where he and his family have lived ever since. In order to induce the plaintiff to move to North Carolina, the testator stated to him that if he would do so he should have the immediate control and use of the home place, on which the testator then lived, during the testator's lifetime, and "it would belong to the plaintiff's wife at his death." That the plaintiff should have board for himself and family free of charge, and that he should have the benefit of such improvements as he might put on the land. And, under this promise of the testator, he

moved to North Carolina and took charge of said "home place," containing about two thousand acres, and put valuable improvements thereon, consisting of barns and tenant houses, to the value of $5,000; for which he says he is entitled to be paid that amount, for the reason that said lands did not become the property of his wife at the death of the testator, as testator said they would, and that he is thereby damaged to that amount.

That part of the testator's will disposing of this "home place" is as follows: "Item 2. I loan to my daughter Hattie E. Taylor during her life all that part of my home tract of land beginning (giving boundaries). I loan to Hattie E. Taylor during her life, then to go to her children. In speaking of my home tract of land, I mean all the land I own that joins my home tract."

This contract, agreement or promise which defendant's testator made, the plaintiff alleges induced him to move from Virginia to North Carolina, and to place said improvements upon the land, is denied in the defendant's answer. It can not, therefore, be proved as a legal contract or liability, not being in writing, and void under the Statute of Frauds. The only relief the plaintiff has, if he has any, is in equity to prevent a fraud by which the plaintiff would be damaged and the testator's estate benefited to prevent one party from reaping the benefit of another's money or labor, obtained by the breach of his own contract or promise that induced the placing the buildings on the land. It is, therefore, held that, where one person is induced to put valuable improvements on the land of another under a promise or contract of the owner to convey, and he afterwards refuses to do so, the party so induced to make the improvements may recover compensation therefor to the value of said improvements. This is not a *legal right,* but an *equitable relief to prevent fraud.* It is not an action upon the contract, or for a breach of the con-

tract, though the contract or promise may be shown, to establish the fraud. But the relief is collateral to the contract, and is not for the cost of the improvements or the labor done in putting them there, but for the amount they have benefited the land. The plaintiff's right to relief in such cases does not proceed so much upon the idea of compensating the plaintiff for his work, but upon the idea that the defendant shall not be benefited by the plaintiff's work so induced, without paying what it is worth to the defendant. *Luton v. Badham,* 129 N. C., 7, and authorities there cited.

It was stated in the argument that *Luton v. Badham* had gone as far as any case in our Reports, but it had advanced nothing new, unless it might be that it was a more pronounced declaration of this doctrine, as a cause of action, as well as a ground of defence. But it seems to us that this doctrine is well sustained by the authorities cited in that case, and such a distinction as claimed by defendants that it is only a matter of defence, rests upon no well-grounded reason or principle and is not sustained by authority. And we are unwilling to say that the plaintiff is not entitled to relief, for the reason that he is plaintiff and is asking affirmative relief.

And we do not say that no judgment can be had *in personam* under this doctrine, without declaring a lien on the property improved, as there seems to be no reason why such judgments might not be granted.

The general rule has been to make judgments in such cases a line upon the land so improved, until paid. This is done for the protection and benefit of the party who has put the improvements on the land. But for this, the defendant might defeat the recovery by claiming the homestead, or otherwise. And if any such judgment as this is asked, the owner of the land should be a party. But we do not see why he should be, if no such lien is asked.

If the plaintiff was induced to put valuable improvements

on this land during the testator's lifetime, it was a benefit to
the testator, as the land was his at that time; and we do not
see why he should not be liable for them, if he afterwards
so acted, by selling or conveying the land to some one else,
as to deprive the plaintiff of its use and benefit. And if he
would have been liable, we do not see why his estate would not
be.

Then, is the plaintiff entitled to recover damages against
the defendants? He is induced to leave Virginia and come
to North Carolina, and to put the improvements on the land,
by the promise of the testator that if he would do so he should
have the use of the land while the testator lived, and the im-
provements he might put on it, and at his (testator's) death
"it would belong to plaintiff's wife." There is no complaint,
until the testator's death, when he willed the land to the
plaintiff's wife for life and then to her children in fee. It
is true that in another paragraph of the will he leaves it in
trust for them, but the trustees named have renounced their
trusteeship, and the plaintiff has been appointed trustee in
their stead. He and his family are in possession of said land
and improvements, and have been ever since the etstator's
death.

We have seen that the plaintiff has no *right of action at
law*. He therefore appeals to equity, and it is seen that, in
proper cases, *equity, to prevent fraud*, will give relief. But
this doctrine rests entirely upon the ground of *fraud*. The
only ground or allegation of fraud is that the testator said
"at my death it will be your wife's." By testator's will it
is his wife's, though not free from encumbrances, nor for so
long a time as plaintiff desires. But it is hers, and substan-
tially covers the plaintiff's ground of complaint. It seems
to us that most men would have been satisfied with its being
left to *his wife and children*. But, however this may be, we
see no such fraud as will induce the Court, in the exercise of

its equitable jurisdiction, to interfere with the *legal* rights of the parties.

Affirmed.

CLARK and DOUGLAS, JJ., concur in the result.