WILLIAM HEDGEPETH v. JOEL ROSE.

*Action to recover Land—Statute of Frauds—Damages—Use and Occupation.*

1. One who is induced to enter upon and improve land by a parol promise that it shall be settled upon him, as an advancement or gratuity, will not be evicted until compensation has been made him for betterments which he may have made to the property.

2. Nor is he liable for damages for withholding the possession or for the use and occupation of the land until after a notice to surrender.

(*Prince* v. *McRae*, 84 N. C., 674 ; *Bailey* v. *Rutjes*, 86 N. C., 517 ; *Baker* v. *Carson*, 1 D & B. Eq., 381, cited and approved).

This ACTION was tried before *Philips, Judge,* at Spring Term, 1886, of NASH Superior Court.

The plaintiff's action is to recover possession of a tract of land in possession of the defendant, and the material facts were :

1. That in February, 1875, the defendant and his wife, a daughter of the plaintiff, were residing some two and a half miles from the premises and from the plaintiff, who urged the defendant to move upon the land in suit, then uncleared and with no buildings upon it, representing that he had a life estate, and the remainder in fee belonged to his two children.

2. That if he would do so, and would clear and build on the premises, the plaintiff would release his life estate, and in the partition between the tenants, the part improved would be allotted as her share to his said daughter.

3. That upon these assurances, defendant did enter upon the land, and there remained for eight years, during which he cleared twelve acres, and erected a dwelling house and out-buildings and made other improvements, enhancing the value more than $300.

4. That no claim for rent, or demand for compensation for the use of the land, was made until August or September, 1882, when a misunderstanding between the parties having taken place, plaintiff sent to defendant a notice, requiring him to surrender possession.

There being no contention as to the defendant's right to be allowed for betterments, a reference was made, by consent of parties, to ascertain the facts and report findings upon certain issues, which, with the responses to each, are set out in the record and in the referee's report.   The referee found as follows :

1. "The defendant entered upon the land and occupied the same under a parol promise from the plaintiff that the defendant could reside upon and cultivate it during his lifetime.

2. "The permanent improvements are worth three hundred dollars.

3. "The value of the rents and profits during the defendant's occupancy is three hundred and fifty dollars.

4. "Such rents and profits, since possession demanded, are worth one hundred and sixty dollars."

It was admitted by the parties, that when the defendant took possession of the premises, there was no requirement or expectation on the part of the plaintiff that his son-in-law, the defendant, should pay him rent, and nothing was ever said between the parties about rent, or improvements, from February, 1875, when the defendant took possession, until September, 1882, when the demand for possession was made upon him.

It was insisted for the plaintiff, that he was entitled to judgment for the possession of said land and for rents and profits during the time it was occupied by the defendant, subject to the value of the permanent improvements made thereon by the defendant, as a counter-claim or set-off to said rents and profits.

It was insisted for the defendant, that he was chargeable with the rents and profits, only from the date of the demand for possession, and that the defendant was entitled to judgment for the sum of one hundred and forty dollars ($140), with interest from the first day of the term, and that the said sum was a lien upon the land mentioned in the pleadings.

It was agreed, that if this question was decided in favor of the defendant, judgment should be rendered in his favor for one hundred and forty dollars and interest and costs.

After argument, the Court being of the opinion with the defendant, gave judgment accordingly, and the plaintiff appealed to the Supreme Court.

*Mr. J. J. Davis* filed a brief for the plaintiff.
*Mr. Jacob Battle*, for the defendant.

SMITH, C. J.   We entirely concur in the ruling of the Court, that the defendant should only be charged for use and occupa-

tion from and after his refusal to surrender possession, when it became tortious and adversary.

There can be a legal claim for the use and occupation of land when there has been a contract, express, or implied from the circumstances, to pay therefor, or a wrongful withholding, and the recovery, while in some cases measured upon the basis of a rental compensation to the owner, of damages therefor.

When the possession is permissive and is taken under the mutual understanding of parties that it is gratuitous, no implied contract can arise, and the gratuity cannot afterwards, at the will of one who bestows it, be converted into a debt. It remains what both intended it should be, when no change in their relation has been subsequently made.

" A contract, express or implied, executed or executory," say the Court in *Prince* v. *McRae,* 84 N. C., 674, " results from the concurrence of minds of two or more persons, and its legal consequences are not dependent upon the impressions or understanding of one alone of the parties to it."

" To constitute any contract," in the words of *Ruffin, J.,* delivering the opinion in *Bailey* v. *Rutjes,* 86 N. C., 517, " there must be a proposal by one party and an acceptance by the other, resulting in an obligation resting upon one or both ; or, in other words, there must be a promise."

Not only is there no misconception here on the part of the plaintiff, but it is manifest, both himself and the defendant considered the entry and occupation to be gratuitous and without charge.

When the defendant took possession, it is admitted, and so the case states, that " there was no requirement or expectation on the part of the plaintiff that his son-in-law, the defendant, should pay him rent, and nothing was ever said about rents or improvements until September, 1882."

Upon what reasonable grounds the appellant puts his claim to remuneration for the use of the premises for the antecedent period, we are unable to see. But our own reports furnish a pre-

cedent in *Baker* v. *Carson* 1 D. & B. Eq., 381, called to our attention in the brief of the appellee's counsel. The facts in this case are essentially those now before the Court. The defendant was the owner of a life estate in lands, which after his death were devised in fee to the children of herself and husband, the testator.

The plaintiff, of whom the wife was one of the devisees in remainder, residing several miles distant, was induced, by the defendant's anxious requests and promise, to release her life estate to her daughter, to remove to and settle upon uncleared land thus devised, the defendant proposing that upon a division, the improved part should be assigned to her said daughter.

This was done and the premises greatly improved.

The defendant, after several years' occupancy, refused to convey, and upon some disagreement, brought on action to recover possession. In consequence, the bill was filed praying for a conveyance of the life estate, or an injunction, unless payment was made for improvements.

The defence was the act of 1819, avoiding parol contracts for the sale of land. The Court directed the Clerk and Master to inquire and report the additional value conferred on the defendant's life estate by the plaintiff's labor and expenditures, and the reasonable value of the use of the land "since the 1st of January, 1831, *when possession was required to be surrendered,*" as an adjustment of the equities subsisting between them.

The case is not analogous to one in which a person enters into possession of land under a parol contract of purchase which is afterwards repudiated by the vendor. In such case, the transaction is a nullity, and the parties are put in *statu quo*, as far as may be, as if no agreement had been made. But the defendant's possession, up to demand for its restoration, was not a nullity, but rightful and legal, and as no compensation was to be given for the use, it cannot now be required.

The sole question presented upon the appeal is, whether the defendant should be made liable for rent previous to September, 1882, and our ruling that he should not be, is confined to that

single point.   Nor in our opinion does the act of 1871–'72, (*The Code*, §473, *et seq.*), affect the mutual rights of the present parties.   It provides a remedy for a different class of cases.

There is no error and the judgment must be affirmed.

No error.                                          Affirmed.