KELLY v. JOHNSON.

(Filed May 31, 1904).

IMPROVEMENTS—*Specific Performance—Contracts.*

> One who occupies land under a parol contract of purchase and who has made valuable improvements thereon, is entitled, on inter-pleading in a suit by a subsequent purchaser for specific performance, to the value of his improvements, to be deducted from the balance of the purchase-money due from plaintiff, who, under his contract, is entitled to a deed with full covenants of warranty.

ACTION by J. T. Kelly against W. J. Johnson and others, heard by *Judge H. R. Bryan* and a jury, at October Term, 1903, of the Superior Court of CUMBERLAND County. From a judgment for the plaintiff the defendants appealed.

*I. A. Murchison,* for Martin Williams, the interpleader.
*Seawell, McIver & King, D. T. Oates* and *N. A. Sinclair,* in opposition.

CONNOR, J. Martin Williams, by permission of the Court, filed his interplea setting forth that during the month of September, 1896, he entered into a contract with the defendants for the purchase of one hundred acres of the upper end of the land described in the complaint, for which he agreed to pay the sum of $200. That defendants caused the land to be surveyed and put him in possession thereof; that

he has remained in possession ever since, and that plaintiff well knew that he was in the actual possession of said one hundred acres when he made his contract with defendants. That he has made improvements, buildings, etc., at a cost of $100; that he holds receipts for money paid by him to defendants on said land "headed," "Received of Martin Williams on land," amounting to $98. That he is ready and anxious to pay the balance of the purchase-money on receipt of a deed, etc. The plaintiff demurred *ore tenus* to the interplea; the demurrer was sustained and the interpleader excepted and appealed.

The facts set forth in the interplea and admitted by the demurrer appeal very strongly to a court of conscience for relief. We should hesitate long and consider anxiously before concluding that no relief in such case can be found in the doctrines of equity. That the innocent, and we presume ignorant, man, who, relying upon the promise of his vendor, has entered upon the land, improved and partly paid for it, must go forth bereft of his money, with no pay for his improvements, can be permitted only in obedience to some statute or unvarying principle of law beyond the power of the chancellor.

It is well settled that the defendants upon the admitted facts cannot oust him from the land without accounting to him for his improvements and purchase-money paid. To permit them to do so would, in the language of *Judge Gaston* in *Albea v. Griffin,* 22 N. C., 9, be "against conscience." "If they repudiate the contract, which they have a right to do, they must not take the improved property from the plaintiff without compensation for the additional value which these improvements have put upon the property." *Daniel v. Crumpler,* 75 N. C., 184; *Hedgepeth v. Rose,* 95 N. C., 41; *Pitt v. Moore,* 99 N. C., 91, 6 Am. St. Rep., 489; *Tucker v. Markland,* 101 N. C., 422, in which *Merrimon, J.,* said:

"It seems that having paid the money he took possession of the land in pursuance of his supposed right ·under the voidable contract of purchase and with the sanction of the vendor. It would be inequitable and against conscience to allow the latter to turn him out of possession without restoring his outlay in cash and for valuable improvements put on the land while so in possession." *Vann v. Newsom,* 110 N. C., 122. It would seem that the receipts set out in the interplea are too indefinite to be used as a contract to convey. *Fortescue v. Crawford,* 105 N. C., 29; *Harris v. Woodard,* 130 N. C., 580.

The question is presented whether the plaintiffs or the defendants are liable to the interpleader. Assuming the facts to be as set out in the interplea and admitted by the demurrer, the plaintiff had notice of the equity of the interpleader when he entered into the contract of purchase and paid a part of the purchase-money. Having such notice, he took the equitable title subject to the equity of the interpleader, and when he acquires the legal title by the deed which the defendant is directed to execute, or using the judg· ment as a conveyance of the legal title, his right to oust the interpleader will be subject to the equity of the interpleader for reimbursement in the same as the defendants would have been. As, however, it appears by the pleadings and bond for title that he is entitled to have a deed with full covenant of warranty, we can see no reason why he may not withhold the balance due defendants on the purchase- money until upon an accounting it is ascertained what amount he will have to pay the interpleader to secure possession of the land. As all parties in interest are before the Court a judgment may be drawn so that their rights may be protected. This will be done by directing an accounting between defendants and the interpleader and the payment from the balance of the purchase-money of the amount due him. He will,

upon such payment being made, surrender possession of the land to the plaintiff. If the plaintiff, or the defendants, shall wish and shall be permitted to file an answer to the interplea, raising issues of fact, the final judgment will await the trial of such issues. The judgment sustaining the demurrer is reversed. Let a judgment be drawn in accordance with this opinion. The plaintiff will pay the costs of this Court.

Reversed.