ANNIE E. JONES v. MARY F. SANDLIN.

(Filed 16 October, 1912.)

**Deeds and Conveyances — Contracts — Consideration — Profits to Grantor—Breach—Equity—Improvements—Charge on Lands— Personal Charge—Reservation of Life Estate.**

Upon default by the grantee of lands under a deed made to him in consideration of his keeping and cultivating the fields conveyed, reserving a life estate in the grantor and giving the yield of the lands to him, the deed to be "null and void" if the grantor becomes dissatisfied, in which event the grantee is "to have pay for what he has done on the property" : *Held*, (1) the grantor should recover the lands, with a reasonable rental value for the time of the grantee's possession under the contract; (2) the grantee is entitled to recover the increased value of the lands caused by the improvements made thereon by him as a charge upon the lands, and to recover the reasonable value of the work or labor done, as a personal charge against the grantor, under an implied promise to pay, and also whatever payment he may have made in part performance of his contract; (3) that while the deed is construed (*Midgett v. Meekins, ante,* 42) to reserve a life estate in the grantor, it does not affect the merits of this case, as the lands have reverted to him upon the breach of contract by the grantee.

APPEAL by plaintiffs from *Cline, J.,* at March Special Term, 1912, of SAMPSON.

This action was brought to cancel a deed for 42 acres of land, which was executed by plaintiff to defendant, and is alleged to have been placed in the possession of a third party, to be delivered upon compliance with its conditions. It contained this clause : "That said Annie E. Jones, in consideration of $1, and

a further consideration that the said Mary F. Sandlin keep up and cultivate my house field and give me what is made on said land where I now live, and as long as I live, and if she fails to do this and I become dissatisfied, then this deed is null and void; and she, the said Mary F. Sandlin, to have pay for what she has done out of my property." Then follows a conveyance of the land, with the following words at the end of the warranty clause: "I, Annie E. Jones, except my lifetime interest." The court submitted issues to the jury, which, with the answers thereto, are as follows:

1. Did plaintiff and defendants contract and agree that defendants were to keep up and cultivate plaintiff's house field and give her what was made thereon as long as she lives, and to take care of plaintiff during her life, and attend to all her wants and pay her rents on all the other land which was cleared on the 42-acre tract on 12 January, 1901? Answer: Yes.

2. Does the paper-writing called the deed of plaintiff, dated 12 January, 1901, contain all of the contract and agreement between the parties to this suit? Answer: ............

3. Have the defendants failed and refused to perform and carry out their agreement and obligations in the contract? Answer: Yes.

4. Was there a mutual abandonment of this contract by both plaintiff and defendants? Answer: ..........

4½. Did plaintiff and defendants leave it to J. R. Westbrook and R. W. Jones to determine what amount was to be paid by plaintiff to defendants in satisfaction of what they had done, and if so, what was the amount fixed by them? Answer: No.

5. What is the worth of the buildings placed by the defendants on the land? Answer: $560.

6. What is the worth of the other labors, such as clearing, ditching, grubbing, and fencing, performed by defendants on said land? Answer: Nothing.

7. What is the value of the work done by the defendants on the 7-acre house field? Answer: $315.

8. What is the value of the services rendered by defendants in getting wood for plaintiff, going to store and mill, waiting on her, and doing any other things of a similar and personal character? Answer: $325.

9. What is a fair rental value of the land, other than the house field, which was cleared on 12 January, 1901? Answer: $100.

Plaintiff tendered two issues, but they are embraced by the sixth issue submitted. He also tendered a third issue, "What is the fair rental value of the 42 acres of land, outside the house field of 7 acres?" This issue was refused. He then excepted to the sixth, seventh, and eighth issues. The court gave judgment to plaintiff for the land, and to defendant for $1,100, and the plaintiff appealed.

*Faison & Wright for plaintiff.*

*George E. Butler, H. A. Grady, J. D. Kerr, Sr., and C. M. Faircloth for defendants.*

WALKER, J., after stating the case: As the defendant failed to perform the contract, as appears by the verdict, plaintiff is entitled to recover the land, and must pay to the defendant the value of any improvements the latter has put upon the same. This is what the deed provides, for it says that, upon defendant's default and plaintiff's dissatisfaction, the defendant is "to have pay for what she has done out of the property" of the plaintiff. The first issue seems to have been submitted without objection, and the answer of the jury thereto ascertains the contract of the parties, without reference to the particular words of the deed. But this contract was not complied with by the defendant, and it follows that plaintiff is entitled to recover, in addition to the land, a fair and reasonable rental for the land while in defendant's possession, and the defendant is entitled to the value of the improvements, to the extent that they have enhanced the value of the land, in analogy to cases in which the doctrine of betterments applies (*Kelly v. Johnson,* 135 N. C., 647), and, in addition, the reasonable value of any work and labor done or of any services rendered the plaintiff during the period when she was under defendant's care and defendant occupied the land. If defendant has paid anything to the plaintiff in part performance of the contract, she will be entitled to a credit therefor.

It would not be right, nor is it the law, as we think, that plaintiff should be charged with the value of work done upon the land, except to the extent that she has received a benefit therefrom. If the contract provided specifically that defendant should receive back exactly what she had paid out, or the value of the work and labor and of the improvements, without regard to the enhancement in value of the land, the case would be different. But the deed says that she should have pay for all she has done for the plaintiff—that is, the value of the service rendered to her in work, labor, and improvements. *Gorman v. Bellamy,* 82 N. C., 497; *Tussey v. Owen,* 139 N. C., 457; *Chamblee v. Baker,* 95 N. C., 100; *Parker v. Brown,* 136 N. C., 280. It could not properly be said to have been done for her, in a legal sense, if of no benefit to her. If she had contracted for the particular work and a wage or price was stated, she would be liable for it; but if none was expressed, the law will imply a promise to pay the reasonable value of the work and labor, that being the measure of recovery, as upon a *quantum meruit.*

It follows, therefore, that in adjusting the difference between the parties the plaintiff will recover the land and its rental value during the occupancy of defendant, and the latter will recover the value of all services rendered, including any increase in value of the land by reason of the improvements placed thereon by her. This is the fair and equitable rule, and the more so as the deed was not annulled by the sole act of the plaintiff, but by the concurrence of both. The defendant failed to perform her part of the agreement, and the plaintiff thereupon became dissatisfied. This is the very condition in the deed, expressed conjunctively, upon which it was to be "null and void." The work to be done and the improvements to be made were not specified in the contract, and therefore we have a case bearing a close resemblance to one where the doctrine of betterments applies, so far as the land is concerned; and as no price for the labor was fixed, the defendant must fall back upon the promise of plaintiff to pay the reasonable worth of the same, which the law implies.

The defendant entered upon the land lawfully and improved the same by consent. It is not equitable, nor according to the

contract, that she should lose all she has done in making the improvements, nor, on the other hand, is it right that plaintiff should pay more than she has received in benefit from the same.

The general rule is that if one is induced to improve land under a promise to convey the same to him, which promise is void or voidable, and after the improvements are made he refuses to convey, the party thus disappointed shall have the benefit of the improvements to the extent that they increased the value of the land. *Kelly v. Johnson,* 135 N. C., 647; *Reed v. Exum,* 84 N. C., 430; *Luton v. Badham,* 127 N. C., 96; *Albea v. Griffin,* 22 N. C., 9; *Hedgepeth v. Rose,* 95 N. C., 41; *Pitt v. Moore,* 99 N. C., 85. The cases on this point are very numerous, many of them being cited in *Luton v. Badham, supra,* and 1 Pell's Revisal, pp. 652, 653, and notes. The recovery is based not upon the cost of the improvements, but upon the enhanced value of the property. *Wetherell v. Gorman,* 74 N. C., 603, in which *Justice Reade* says: "The value of the improvements to the premises is undoubtedly the correct rule, for very expensive repairs might injure rather than improve them."

In our case, it was evidently contemplated by the parties that if the contract was terminated by the dissatisfaction of the plaintiff, upon default of defendant in performing her part of it, the account between them should be stated upon equitable principles, and that defendant should not lose the benefit of her work and labor, but receive a fair and reasonable compensation therefor.

The verdict upon the first and third issues, and on the issue numbered 4½, will be retained, and the second and fourth issues not having been answered, are eliminated. The other issues are set aside, and the court will submit new issues in accordance with the views of the law herein expressed, so as to ascertain the legal rights of the parties, unless there is a reference by consent, to find the facts with the conclusions of law thereon, and state the account, which, perhaps, would facilitate the trial of the case.

We have not failed to notice that, by the verdict of the seventh issue, the plaintiff is made to pay the full value of the work done by the defendant on the 7 acres, or home tract of

land, without any finding as to the rental value of that tract or of what was made thereon. If plaintiff is required to pay for the work and labor on that tract, she should have the fruits thereof or the rental value of the land. This would, of itself, regardless of other questions, necessitate a new trial, which should be extended, under the circumstances, to the last five issues, and not merely to the seventh; but as our decision of other matters produces the same result, we need make no further comment on this question.

Our opinion is that by the deed Annie E. Jones reserved a life estate. The deed must be construed as a whole, and the true intent of the parties thereby ascertained. *Gudger v. White,* 141 N. C., 507; *Featherston v. Merrimon,* 148 N. C., 205; *Triplett v. Williams,* 149 N. C., 396; *Real Estate Co. v. Bland,* 152 N. C., 231; *Thomas v. Bunch,* 158 N. C., 175. In *Midgett v. Meekins, ante,* 42, we held that where clauses of a deed are apparently in conflict, the courts will construe the instrument, notwithstanding the repugnancy, according to its context, and for the purpose of ascertaining the intention of the parties, which will be enforced accordingly. But we do not see that this can, in any way, affect the merits of the case. The entire fee has reverted to the plaintiff, under the facts, and she is entitled to the possession, subject to the equitable rights of defendant. The amount by which any improvements have enhanced the value of the land will be a charge thereon. *Taylor v. Brinkley,* 131 N. C., 8. In other respects, the judgment will be only a personal charge. When plaintiff has paid off the lien on the land for improvements, she will be entitled to be let into possession.

New trial.