JAMES A. SMITH v. LEWIS J. WHITLEY AND J. W. NELSON.

(Filed 3 November, 1943.)

1. **Negligence § 5—**

The fact that defendant has been guilty of negligence, followed by injury, does not make him liable for that injury, which is sought to be referred to the negligence, unless the connection of cause and effect is established.

2. **Negligence §§ 5, 19c: Trial § 22b—**

Where plaintiff was injured in an aeroplane crash, the pilot being negligent in not having a license, there is no evidence that this negligence was the proximate cause of the injury, the doctrine of *res ipsa loquitur* does not apply, and judgment as of nonsuit was proper. C. S., 567.

APPEAL by plaintiff from *Burgwyn, Special Judge,* at June Term, 1943, of CABARRUS.

This is an action to recover damages for personal injuries received in an aeroplane crash alleged to have been caused by the negligence of the defendants.

From a judgment as in case of nonsuit entered when the plaintiff had introduced his evidence and rested his case (C. S., 567) the plaintiff appealed, assigning error.

*Bernard W. Cruse and B. W. Blackwelder for plaintiff, appellant.*
*Hartsell & Hartsell for defendants, appellees.*

PER CURIAM. The position principally relied upon and urged by the appellant is that there was evidence that the pilot of the crashed aeroplane was piloting the machine and carrying a passenger without the license to carry passengers required by law. While it may be conceded that the pilot of the aeroplane, the defendant Nelson, did not have such a license and was nevertheless carrying the plaintiff as a passenger, which would constitute negligence, there is no evidence in the record that this negligence, the absence of the passenger carrying license, was the proximate cause of the aeroplane crash. In truth, there is no evidence of what caused the crash. The plaintiff, James A. Smith, testified that "the plane went into a spin and crashed and I do not know why." J. W. Nelson, one of the defendants, who was piloting the plane, testified as a

witness for the plaintiff: "I don't know just why the plane crashed; it just came down in a spin with the nose to the ground."

There must be a causal connection between the violation of the law, as the negligence relied upon, and the injury inflicted. *Burke v. Coach Co.,* 198 N. C., 8, 150 S. E., 636; *Jones v. Bagwell,* 207 N. C., 378, 177 S. E., 170. "The breach of duty must be the cause of the damage. The fact that the defendant has been guilty of negligence, followed by an injury, does not make him liable for that injury, which is sought to be referred to the negligence, unless the connection of cause and effect is established." *Byrd v. Express Co.,* 139 N. C., 273, 51 S. E., 851; *Carter v. Realty Co., ante,* 188, 25 S. E. (2d), 553. The doctrine of *res ipsa loquitur* does not apply because any number of causes may have been responsible for the plane falling, including causes over which the pilot has absolutely no control, it being common knowledge that aeroplanes do fall without fault of the pilot. *Rochester Gas & E. Corp. v. Dunlop,* 266 N. Y. S., 469, Annotations 99 A. L. R., 186.

The judgment of the Superior Court is
Affirmed.