MARY McLEMORE HARGETT, Administratrix of the Estate of William H. Hargett v. GASTONIA AIR SERVICE, INC. and COCKER MACHINE & FOUNDRY COMPANY, INC.

—AND—

MARY JANE SPIVEY LEWIS, Administratrix of the Estate of Wayne Harrison Lewis v. GASTONIA AIR SERVICE, INC. and COCKER MACHINE & FOUNDRY COMPANY, INC.

No. 7420SC739

(Filed 20 November 1974)

1. **Rules of Civil Procedure § 50— motion for judgment n.o.v. — standards for determining**

The same standards which are applied to a motion for directed verdict are applicable to a motion for judgment notwithstanding the verdict. G.S. 1A-1, Rule 50(b)(1).

2. **Rules of Civil Procedure § 50— motion for judgment n.o.v. — prior denial of directed verdict**

Prior denial of a motion for directed verdict is not a bar to a motion for judgment notwithstanding the verdict.

3. **Aviation § 3— arrangement of charter flight — failure to cancel — causal connection to crash**

In an action to recover for the death of two passengers in the crash of a charter airplane, the evidence was insufficient to support a finding that the failure of defendant's employee who arranged the flight to cancel the flight because of bad weather had some reasonable causal connection with the crash where the evidence did not disclose what caused the accident or whether the condition of the weather and the type of aircraft chosen for the flight contributed to the fatal crash.

APPEAL by plaintiffs from *Seay, Judge,* February 1974 Session of Superior Court held in UNION County.

Heard in Court of Appeals 16 October 1974.

Plaintiffs in their administrative capacities have instituted these actions, which were consolidated for trial, to recover damages for the wrongful deaths of their intestates, William H. Hargett and Wayne Harrison Lewis. Both Hargett and Lewis were killed in the crash of an aircraft in which they were passengers which occurred near Eagle Rock, Virginia, on 14 November 1969. The airplane was owned by Gastonia Air Service, Inc. (Gastonia Air Service) and was piloted by its employee, Russell Morgan. It was en route from Gastonia and Monroe, North Carolina, to White Sulphur Springs, West Virginia, where

Hargett and Lewis, employees of McCoy-Ellison Company, Inc. (McCoy-Ellison) and Fred Landman, an employee of Cocker Machine & Foundry Company (Cocker Foundry) had been sent by their employers to repair textile equipment at a Burlington Industries plant.

At the instruction of Cocker Foundry, its employee Landman arranged the charter flight with defendant Air Service, the cost of which was to be paid jointly by Cocker and McCoy-Ellison. The plane left Gastonia with the pilot Morgan and his passenger Landman and went to Monroe where it picked up Hargett and Lewis. The flight continued from there toward its destination until terminated by the crash into the side of Wallow Pond mountain "about 30 yards from the top of the ridge." There were no eyewitnesses to the accident and no survivors.

The complaints alleged that the pilot Morgan and Landman, who arranged the flight, were negligent in not cancelling the flight because they were aware of reported adverse weather conditions unsuitable for VFR (visual flight rules) flights and because the aircraft involved was not equipped for IFR (instrument flight rules) flights, and that such negligence was the proximate cause of the crash and deaths of plaintiffs' intestates. There were other allegations with respect to the negligent operation of the plane in violation of Federal Aviation Administration regulations, but no evidence was submitted in support of these allegations.

At the close of plaintiffs' evidence and again at the close of all the evidence, defendant Cocker Foundry moved for a directed verdict. Both motions were denied. Issues were submitted to the jury with respect to the negligence of Morgan and the scope of his employment by Gastonia Air Service, the negligence of Landman and the scope of his employment by Cocker Machine & Foundry, and damages.

The jury answered all issues in favor of the plaintiffs and awarded $65,000.00 damages in each case. (The maximum allowable under the controlling Virginia wrongful death statute.)

Upon return of the verdict, defendant Cocker Foundry moved for judgment notwithstanding the verdict or in the alternative for a new trial. The trial court granted the motion for judgment n.o.v. and denied the motion for a new trial. Judgment was entered awarding plaintiffs recovery from Gastonia Air Service and denying recovery from Cocker Foundry.

From this judgment plaintiffs have appealed to this Court. Gastonia Air Service did not appeal.

*Griffin and Caldwell, by Thomas J. Caldwell, for plaintiff appellant Mary Jane Spivey Lewis.*

*Thomas and Harrington, by Larry E. Harrington, for plaintiff appellant Mary McLemore Hargett.*

*Carpenter, Golding, Crews & Meekins, by James P. Crews and Rodney Dean, for defendant appellee Cocker Machine & Foundry Company, Inc.*

BALEY, Judge.

The only question necessary for decision on this appeal is whether the motion of defendant Cocker Foundry for judgment notwithstanding the verdict was properly granted by the trial court.

[1, 2] The same standards which are applied to a motion for directed verdict are applicable to a motion for judgment notwithstanding the verdict. N.C.R. Civ. P. 50(b) (1). Prior denial of a motion for directed verdict is not a bar to the motion for judgment notwithstanding the verdict. *Investment Properties v. Allen,* 281 N.C. 174, 188 S.E. 2d 441. On a motion for directed verdict by the defendant the court must consider the evidence in the light most favorable to the plaintiffs and may grant such motion only if, as a matter of law, the evidence is insufficient to support a verdict for plaintiffs. *Investment Properties v. Allen, supra; Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47. Using this yardstick in evaluating the evidence for plaintiffs, we conclude that the order granting judgment for defendant Cocker Foundry notwithstanding the verdict is correct and must be affirmed.

The evidence when considered in its most favorable light for plaintiffs shows that Landman, who arranged the charter flight with Gastonia Air Service, had some prior flight instruction and in this case had obtained information from the air weather service that "the weather was not forecasted to be suitable for VFR flight in the vicinity of his destination." The pilot Morgan was made aware of this weather information and prior to departure had secured much more detailed information from the weather service. Landman knew that the aircraft chosen for the flight was usually flown VFR but was actually

equipped for flying under both visual flight rules (VFR) and instrument flight rules (IFR). The pilot Morgan was a commercial pilot with an instrument rating which qualified him to fly both VFR and IFR. During the flight Morgan obtained additional weather information from Raleigh and Roanoke flight service stations covering the weather conditions at his destination at White Sulphur Springs. There is testimony concerning fog and heavy moisture in the mountain area about the time of the crash, but no witnesses saw the immediate area when the crash occurred. There is no direct evidence that the plane was in clouds, fog, or any precipitation or that such weather conditions caused the crash. One witness testified that he heard the plane before the crash, and the engine cut off just a few seconds before it hit. The investigation by the Federal Aviation Administration revealed no cause for the accident.

[3] In order to recover from the defendant in this action the plaintiffs must show negligence on the part of Landman which was a proximate cause of the death of their intestates. The evidence does not disclose what caused the accident which resulted in their deaths. In the light of an omniscient hindsight, this flight should not have been undertaken as there was a crash in which all occupants of the plane were killed. But whether the condition of the weather and the type of aircraft chosen for the flight contributed to the fatal crash is left to conjecture. Pilot error in the operation of the aircraft, mechanical defects, engine malfunction, or other reasons which lie in the realm of speculation can be projected as possible causes, but, absent some evidence which would support a finding that the conduct of Landman in failing to cancel the flight had some reasonable causal connection with the crash, the plaintiffs have not shown actionable negligence on the part of Landman or Cocker Foundry.

"Any recovery for wrongful death must be based on actionable negligence under the general rules of tort liability. 'In a case involving an airplane crash the doctrine of *res ipsa loquitur* does not apply, "it being common knowledge that airplanes do fall without fault of the pilot." Furthermore, there must be a causal connection between the negligence complained of and the injury inflicted.' *Jackson v. Stancil,* 253 N.C. 291, 116 S.E. 2d 817; *Bruce v. Flying Service,* 231 N.C. 181, 56 S.E. 2d 560; *Smith v. Whitley,* 223 N.C. 534, 27 S.E. 2d 442."

*Mann v. Henderson,* 261 N.C. 338, 341, 134 S.E. 2d 626, 629.

The judgment of the trial court is affirmed.

Affirmed.

Judges MORRIS and HEDRICK concur.