JOHN JACOB STAUFFER, JR. v. GROVER LEE OWENS T/A OWENS BODY SHOP

No. 752DC23

(Filed 7 May 1975)

Unjust Enrichment— office improvements — no compensation — benefit inuring to defendant

Evidence was sufficient to support the trial court's finding that plaintiff had provided goods and services which inured to the benefit of defendant where such evidence tended to show that plaintiff constructed and furnished an office in leased premises used by defendant in his business, plaintiff furnished labor in connection with these improvements, defendant ordered plaintiff to stay off the premises, and defendant subsequently sold the business including the office improvements, furniture and fixtures.

APPEAL by defendant from *Manning, Judge.* Judgment entered 19 August 1974 in District Court, BEAUFORT County. Heard in the Court of Appeals on 18 March 1975.

Civil action commenced on 24 February 1971 wherein plaintiff alleges that the parties entered into an oral partnership agreement; that he advanced defendant $2,400 to be used in equipping the partnership business; and that he furnished labor and materials in the amount of $2,900 for improvements. Plaintiff seeks to recover said amounts together with the additional sum of $2,000 alleged to have been the net profit of the business.

Defendant answered, denying the existence of a partnership and the existence of any business relationship with the plaintiff. Defendant acknowledged that he had borrowed $2,400 from the plaintiff to be used as operating capital but denied any further

obligations to the plaintiff either by contract or otherwise over and above the sum of $2,400 advanced to him by the plaintiff.

Judgment was entered in the cause on 8 August 1972 in the Superior Court of Beaufort County allowing plaintiff to recover $2,400 and remanding the cause to District Court for trial on the issues raised by the pleadings with reference to any sum over and above the $2,400 set forth in the judgment.

The matter was heard before the judge, sitting without a jury, on the remaining issues. Based on the evidence the court made findings of fact and concluded that there was no formation of a partnership but that plaintiff had provided goods and services which inured to the benefit of defendant in the amount of $1,750.00. From judgment for the plaintiff in the sum of $1,750.00, defendant appealed.

*LeRoy Scott, for plaintiff appellee.*

*Wilkinson and Vosburgh, by James R. Vosburgh, for defendant appellant.*

MARTIN, Judge.

The court found facts and concluded as a matter of law: "That goods and services provided by the Plaintiff inured to the benefit of the Defendant to the extent of $1,750, and the Defendant is under legal obligation to make payment of same to the Plaintiff."

To the foregoing conclusion the defendant excepted for the assigned reasons that the court failed to find as a fact the existence of an oral or implied contract and that the equitable relief afforded plaintiff was not supported by findings of fact.

The findings of the court may be summarized to the effect that defendant desired to go into the automobile body repair business and being without capital discussed the matter of financing with plaintiff; that as a result of the discussion defendant leased land and buildings in his own name and plaintiff advanced certain sums to be used for supplies; that plaintiff also constructed and furnished an office in the leased building and furnished labor in connection with these improvements; that thereafter the office facilities were used by defendant in connection with the operation of the business; that defendant found fault with plaintiff's use of the office facilities and ordered

plaintiff to remain off the premises; that defendant later sold the business to a third party for an amount in excess of $2,400; and that among the assets sold by defendant were defendant's right, title and interest in the lease on the property, together. with the office improvements, furnishings and fixtures.

From the facts as found by the court, it appears that the improvements furnished by plaintiff were used by defendant in connection with a business in which defendant claimed to be the sole owner. Furthermore, it appears that defendant later sold the business to a third party and that the office improvements were transferred in the sale. Even though the court found that no partnership existed between the parties, in our opinion it properly allowed plaintiff to recover for those goods and services which benefited defendant. The rule of unjust enrichment is based upon the equitable principle that a person should not be permitted to enrich himself unjustly at the expense of another. *R. R. v. Highway Commission,* 268 N.C. 92, 150 S.E. 2d 70 (1966). The mere ineffectiveness of a partnership agreement between the parties would not prevent plaintiff's recovery. In addition, there was no error in the court's failure to make further findings of fact which were immaterial and which would not have called for a different conclusion.

The facts found by the court are supported by the evidence and are sufficient to support the judgment.

The judgment is

Affirmed.

Judges BRITT and HEDRICK concur.