WAYNE R. WRIGHT v. KATHLEEN D. WRIGHT

No. 8021SC14

(Filed 17 June 1980)

**Quasi Contracts and Restitution § 1.2– unjust enrichment alleged – improper jury instructions**

In an action to recover for unjust enrichment where plaintiff husband alleged that he made substantial improvements with his own labor and money to defendant wife's house and that defendant had been unjustly enriched thereby, the trial court erred in submitting an issue to the jury as to whether defendant agreed with plaintiff to share in the ownership of the real property and erred in instructing the jury that the issue had to be proved by clear, strong and convincing evidence, since no contract, oral or written, enforceable or not, is necessary to support a recovery based on unjust enrichment, and if plaintiff had been successful in rebutting the presumption of gift, all he would have had to show was that the improvements were made upon the good faith belief that an estate in the property was promised him.

APPEAL by plaintiff from *Hairston, Judge.* Judgment entered 15 August 1979 in Superior Court, FORSYTH County. Heard in the Court of Appeals 22 May 1980.

The parties to this action were married in October 1975. Prior to the marriage, defendant and her daughter had been living in the home which is the subject of this controversy, and defendant had apparently completely paid the purchase price. Prior to the parties' marriage, they discussed selling defendant's house at a proposed sales price of $19,000.00, but finally decided to remodel the house and use it as their marital home.

Plaintiff is a carpenter and completed the substantial improvements himself. He added a bedroom, bath, den with fireplace, carport, front porch and brick veneer onto the entire house. Plaintiff's out-of-pocket costs were approximately $15,444.37; his labor costs were approximately $2,147.00

The parties were divorced after thirteen months of marriage. Plaintiff's name was never placed on the deed to the house which he had substantially improved. He has filed this action asking that an equitable lien be put on the property in the amount of $17,270.15. From a judgment denying such relief, plaintiff appealed.

*Robert D. Hinshaw for plaintiff appellant.*

*Harper, Wood, Hux & Brown, by William Z. Wood Jr., for defendant appellee.*

HILL, Judge.

Plaintiff appellant's brief fails to comply with App. R. 28(b)(3). "However, rather than [dismiss] the appeal, we have elected to treat it as a petition for *certiorari*, allow it and consider the appeal on its merits." *Insurance Co. v. Webb,* 10 N.C. App. 672, 673, 179 S.E. 2d 803 (1971).

We have examined all of plaintiff's arguments and find one to be dispositive. Plaintiff argues that the trial court erred by failing to submit to the jury issue no. 1 as tendered and by

substituting its own instruction. We agree. In his complaint, plaintiff alleged that his wife had been unjustly enriched and asked for equitable relief. Plaintiff's tendered instruction would have required the jury to make a threshold determination of whether plaintiff intended "... to make a gift of the labor and materials in improving the home of his wife, the [d]efendant."

The trial court did not submit the issues tendered by plaintiff. Instead, the court asked the jury to resolve the issue of whether "... the defendant agreed with the plaintiff to share in the ownership of the real property." To answer that issue in plaintiff's favor, the jury had to find:

> "First, that the defendant ... promised to share in the property."

> Second, that the defendant's promise "... was conditioned on the defendant's furnishing the money to make the betterments."

> Third, that plaintiff had rebutted the presumption "... that when a husband makes improvements ... on his wife's property, he makes a gift to her."

The judge instructed the jury that the main issue, as well as the three preliminary findings, had to be proven by clear, strong and convincing evidence. The jury found that plaintiff did not meet this burden. Thus, the second issue of whether defendant was unjustly enriched, and the third issue concerning the amount of relief plaintiff was entitled to were not reached.

The trial court's substituted issue incorrectly states the law. Plaintiff is not required to show by clear, strong and convincing evidence that his wife "... promised to share in the property." "No contract, oral or written, enforceable or not, is necessary to support a recovery based upon unjust enrichment." *Parslow v. Parslow*, 47 N.C. App. 84, 266 S.E. 2d 746 (1980). "Such a recovery is founded on the equitable theory of estoppel and not on principles of quasi or implied contract."

*Clontz v. Clontz,* 44 N.C. App. 573, 578, 261 S.E. 2d 695 (1980). If plaintiff had been successful in rebutting the presumption of gift, all he would have had to show was that the improvements were made *upon the good faith belief* that an estate in the property was promised him. *See Clontz, supra,* at 578. That showing need not be made by clear, strong and convincing evidence.

This case must be sent back for a new trial. At the conclusion of the evidence, in order to recover, plaintiff must first rebut the presumption that the improvements placed on the wife's house were intended as a gift. *See Shue v. Shue,* 241 N.C. 65, 67, 84 S.E. 2d 302 (1954). If plaintiff rebuts the presumption, or if the trial court finds the presumption to be a denial of equal protection, then plaintiff must go on to show that defendant was unjustly enriched. To make such a showing, defendant must show that he made the improvements on defendant's property "... upon the good faith belief that [an] ... estate in [the] property was promised him, and that [the] improvements inured to defendant['s] benefit ...." *Clontz, supra,* at p. 578.

We note that "... there is a substantial question as to whether this [presumption] denies equal protection of the laws to male spouses ...." *See Parslow, supra.* "We cannot, however, reach this question ... because constitutional objections may not be raised for the first time on appeal and there is nothing in the record to indicate that this question was ever adjudicated by the trial court." *Id.*

Reversed and remanded for New Trial.

Judges MARTIN (Robert M.) and ARNOLD concur.