Rongotes v. Pridemore

———————————

GEORGE ALLEN RONGOTES AND MELODY THOMAS RONGOTES, PLAINTIFFS
v. ELIZABETH H. PRIDEMORE AND FORREST D. HEDDEN, DEFENDANTS

No. 875SC427

(Filed 5 January 1988)

1. **Frauds, Statute of § 6.1— sale of real estate—agreement covering disposition of proceeds—statute of frauds not applicable**

   In an action seeking an accounting for profits upon the sale of real estate, the trial court did not err by admitting into evidence writings that appear to outline projected costs and proceeds and that refer to three lots. The statute of frauds does not apply when, as here, a party seeks to prove an oral agreement with respect to the disposition of proceeds from a sale of land rather than to force or prevent the conveyance of the land itself.

2. **Trial § 32.2— sale of real estate—accounting for profits—issue submitted to jury—correct**

The trial court did not err in an action seeking an accounting for profits upon the sale of real estate by submitting to the jury the issue of whether the plaintiffs and defendants agreed that the expenses incurred in the development of lots 1, 2 and 3, excluding construction costs, would be allocated proportionately to each lot where defendants presented no evidence that the parties agreed to apportionment of construction costs and there was no evidence to support the defendant's contention that the issue erroneously contained the clause excluding construction costs.

3. **Quasi Contracts and Restitution § 1.2— sale of real estate—accounting for profits—unjust enrichment**

The trial court did not err in an action for an accounting for profits upon the sale of real estate by failing to submit to the jury issues pertaining to improvements defendants made to the property based on unjust enrichment because the unjust enrichment theory does not operate to alter the terms of an enforceable contract; moreover, there was no evidence of a contract, express or otherwise, to convey land to defendants and defendants may not recover for improvements made in reliance on a contract to reconvey.

4. **Frauds, Statute of § 6.1— sale of real estate—accounting for profits—instructions on enforceability of agreement—statute of frauds not applied**

The trial judge did not err in an action for an accounting of profits upon the sale of real estate by failing to apply the principles of the statute of frauds in his instructions on the enforceability of the agreement where the court instructed the jury that the action was not about the sale and purchase of land but rather dealings in land and management.

APPEAL by defendants from *Henry A. McKinnon, Judge.* Judgment entered 21 November 1986 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 28 October 1987.

*Johnson & Lambeth, by Robert White Johnson for plaintiff-appellees.*

*Shipman & Lea, by Gary K. Shipman for defendant-appellants.*

BECTON, Judge.

Plaintiffs, George Allen and Melody Thomas Rongotes, brought this action against defendants, Elizabeth H. Pridemore and Forrest D. Hedden, seeking an accounting for profits upon the sale of real estate sold by defendants pursuant to a partnership agreement with plaintiffs. A jury determined plaintiffs were entitled to receive $34,000 under the agreement. Defendants appeal. We find no error.

I

Plaintiffs owned a house and three contiguous parcels of land located on the Intra-coastal Waterway in New Hanover County, North Carolina. In late 1980, defendants attempted to sell the property as plaintiffs' agent and executed a contract to sell for $115,000; however, the buyer withdrew. Defendants then proposed a plan for developing the property as three separate lots. Plaintiffs agreed. Plaintiffs and defendants disagree on the sequence and significance of subsequent events, as well as the terms of their agreement.

Plaintiffs alleged in their Complaint that, under the development scheme, they were required to contribute their real estate, which was assigned a certain value, and the defendants were to obtain financing and build houses. Upon sale, plaintiffs' contribution was to be returned to them, the defendants would recover their contribution, and the profits would be divided equally. Plaintiffs conveyed a portion of the property to defendant Pridemore to facilitate development.

Defendants answered, alleging that the agreement was unenforceable under the statute of frauds and asserting, in the alternative, that they had not breached such an agreement because all sums owed were paid in full. In addition, defendants filed a counterclaim alleging that they entered into a joint venture with plaintiffs, the terms of which provided that they would be reimbursed for all expenses associated with the development, and that the expenses would be allocated to each lot proportionately. Further, defendants alleged plaintiffs were to receive a predetermined amount upon the sale of all the lots and the remaining proceeds were to be divided equally. Defendants advanced $16,000 to plaintiffs to facilitate development by allowing plaintiffs to relocate. In consideration for the advance, plaintiffs conveyed lot #2 to defendants. Defendants also began making mortgage payments on the remaining two lots, obtained a construction loan, and proceeded to build a house on lot #2. In the interim, plaintiffs further encumbered lots #1 and #3 through an unrelated debt to North Carolina National Bank. Defendants alleged that plaintiffs' action by encumbering the property constituted fraud and entitled defendants to equitable relief. In a second counterclaim, defendants contended that in reliance on their agreement with

plaintiffs to sell the property, defendants made valuable improvements to the property and were entitled to reimbursement.

## II

Defendants make five assignments of error on appeal, the first two of which relate to the trial judge's failure to bar plaintiffs' action because the agreement was unenforceable under the statute of frauds.

[1] Defendants first contend that the trial judge erred by admitting in evidence plaintiffs' exhibits numbered 2 and 2A because they did not comport with the requirements of the statute of frauds. These exhibits consist of two writings that appear to outline projected costs and proceeds for the alleged agreement, and that refer to three "lots." Defendants argue that plaintiffs were seeking to enforce a contract to convey real estate; that the statute of frauds requires that such a contract be in writing; and that the writing contain the specific price, a description of the property, and the signature of the person against whom enforcement is sought. Exhibits 2 and 2A do not meet these requirements.

Defendants state the requirements of the statute of frauds accurately. However, the statute of frauds does not apply when, as here, a party seeks to prove an oral agreement *with respect to the disposition of proceeds from a sale of land, rather than to force or prevent the conveyance of the land itself. Schmidt v. Bryant,* 251 N.C. 838, 112 S.E. 2d 262 (1960); *accord Therrell v. Freeman,* 256 N.C. 552, 124 S.E. 2d 522 (1962). In the instant case, plaintiffs alleged that they entered into an oral agreement with defendants which provided plaintiffs would receive a total of $34,000 upon the sale of lot #2. They did not seek a reconveyance of the property to themselves, nor did they seek to force defendants to buy the property. They had already conveyed the property to defendants. Plaintiffs sought, instead, to enforce an oral agreement regarding the disposition of the proceeds from the resale. Such an agreement may be oral, and its enforcement is not barred by the statute of frauds. This assignment of error is overruled.

Defendants next contend that the trial judge erred in denying their motion for directed verdict at the close of plaintiffs' evi-

dence and at the conclusion of all the evidence, and erred in deny-
ing their motion to set aside the jury's verdict because the agree-
ment upon which plaintiffs' action was based was unenforceable
under the statute of frauds. Our disposition of defendants' first
assignment of error forecloses this argument by defendants.
Thus, this assignment of error is overruled.

### III

Defendants' three remaining assignments of error relate to
the manner in which the trial judge framed the issues for submis-
sion to the jury. The following questions were considered by the
jury.

1. Did the plaintiffs and defendants agree that the plaintiffs
   were to receive $34,000 upon closing and sale of the house
   on lot #2?

   Answer: Yes

2. Was there an agreement between the plaintiffs and de-
   fendants to develop lots #1, #2, and #3, collectively?

   Answer: Yes

3. Did the plaintiffs and the defendants agree that the ex-
   penses incurred in the development of lots #1, #2 and #3,
   *excluding construction costs*, would be allocated propor-
   tionately to each lot? (Emphasis added.)

   Answer: No

[2]   Defendants first contend that the trial judge erred in submit-
ting the third issue to the jury because it erroneously contained
the clause "excluding construction costs." According to the de-
fendants, the charge given did not provide the jury with an
opportunity to find that the parties agreed to apportion all ex-
penses, including construction costs. We find no error in the trial
court's submission of the third issue to the jury.

Defendants presented no evidence that the parties agreed to
an apportionment of construction costs, and there is, therefore, no
evidence to support the defendants' contention. It is true that Ms.
Pridemore, one of the defendants, testified to the anticipated ex-
penses; however, her recitation did not include construction of the
house on lot #2. Additionally, she testified that the plaintiffs were

to make a profit on the land only, and that she and her brother (co-defendant) were to make a profit on the house and land. Later in her testimony, she was asked to explain how the expenses which were *not* covered in the construction on lot #2 were to be allocated to lots #1 and #3. She asserted that the non-construction expenses were to be apportioned equally. She was never asked about (nor did she voluntarily testify about) the apportionment of construction costs. This assignment of error is overruled.

[3] Defendants next contend that the trial judge erred in failing to submit to the jury issues pertaining to the improvements they made to the property. In their counterclaim, defendants sought to recover $25,000 for repairs and improvements to lots #1 and #2. They argue that the trial judge was required to submit their equitable claims to the jury.

Defendants argue that plaintiffs were unjustly enriched because defendants enhanced the marketability of two lots and were not compensated. "The rule of unjust enrichment is based upon the equitable principle that a person should not be permitted to enrich himself unjustly at the expense of another." *Stauffer v. Owens*, 25 N.C. App. 650, 652, 214 S.E. 2d 240, 241 (1975). "Thus, where services are rendered and expenditures are made by one party to or for the benefit of another without an express contract to pay, the law will imply a promise to pay a fair compensation therefor." *Clontz v. Clontz*, 44 N.C. App. 573, 575, 261 S.E. 2d 695, 697 (1980), *citing R.R. v. Highway Commission*, 268 N.C. 92, 150 S.E. 2d 70 (1966). Defendants argue because the contract did not contain a specific provision to compensate them for the improvements, they should be permitted to recover the costs of the improvements under the theory of unjust enrichment. We disagree. The unjust enrichment theory does not operate to alter the terms of an enforceable contract. Throughout the proceedings, defendants contested the particulars of the agreement, not its very existence. Defendants had an adequate remedy at law. They neither alleged in their counterclaim, nor do they argue now, that plaintiffs breached the agreement thereby entitling defendants to compensation for the improvements.

Defendants also argue that they made the improvements in reliance on plaintiffs' promise to convey the land, and that thus, the theory of unjust enrichment should apply. The theory has

been applied to permit compensation for improvements made in reliance on a contract to convey land when the contract was *unenforceable* under the parol evidence rule. *See Pitt v. Moore*, 99 N.C. 85, 5 S.E. 389 (1888); *Clontz*. However, in the instant case, there is no evidence of a contract, express or otherwise, to convey land to defendants. Defendants did not seek to enforce a contract to convey nor did they even contend that plaintiffs promised to convey the remaining lots to them. This assignment of error is overruled.

[4] Defendants next contend that the trial judge's instructions to the jury regarding the enforceability of the agreement were erroneous because he failed to apply the principles of the statute of frauds. The trial judge described the jury's options in determining the existence and terms of the alleged agreement as follows: "[the contract] may be oral, it may be partly oral and partly in writing . . . . [This] action is not about the sale and purchase of land, but rather the dealings in land and the management. [sic] No one is attempting to enforce the delivery of a deed or the sale of land and so it does not require for the contracts and agreements contended in this case that they be in writing. [sic]" For the reasons already discussed in Section II, *infra*, we find those instructions to be an accurate statement of the law applicable to this case. This assignment of error is overruled.

We find no error.

Judges PHILLIPS and GREENE concur.