PAUL I. PARSLOW v. MILDRED M. PARSLOW

No. 7915DC832

(Filed 3 June 1980)

1. **Quasi Contracts § 5– unjust enrichment – contributions to improvements on wife's properties – equitable lien**

    Plaintiff's forecast of evidence on motion for summary judgment was sufficient to support a claim for an equitable lien on properties owned by his former wife based on unjust enrichment for contributions to improvements on the properties made by plaintiff while the parties were married to each other.

2. **Partition § 3.1– property in Florida – no jurisdiction to partition**

    The courts of this State do not have jurisdiction to order a partition or partition sale of real property located in Florida.

3. **Estates § 8; Tenants in Common § 1– tenant in common – procedure for division of personalty**

Parslow v. Parslow

The appropriate procedure for a tenant in common seeking a division of personal property is to file a petition in the superior court for that purpose pursuant to Art. 4 of G.S. Ch. 46.

APPEAL by plaintiff from *Harris (W.S.), Judge.* Order entered 5 June 1979 in District Court, ALAMANCE County. Heard in the Court of Appeals 7 March 1980.

On 13 September 1977 plaintiff filed an action seeking absolute divorce from defendant, as well as liquidation and division of certain assets. Pursuant to Rule 42(b), the trial court entered an order on 16 May 1979 separating the trial of issues pertaining to absolute divorce from those pertaining to interests in certain property. On 5 June 1979 the trial court entered a judgment of absolute divorce. On the same day, the trial court had a hearing on defendant's Rule 12(b)(6) motion, heard arguments, considered affidavits and accepted the written briefs of both parties. The court then ordered the dismissal of all of plaintiff's claims pertaining to the division of properties. This latter order is the subject of this appeal.

The pleadings, interrogatories and affidavits of the parties tend to indicate that, prior to the marriage of Paul and Mildred Parslow, Mildred Parslow owned a house on 512 Alamance Road and a one-sixth undivided interest in land which, after partition, is now situated at 2601 Hoskins Road, both properties being located in Alamance County, North Carolina. Paul also owned a small tract of land in Orange County, Florida.

The plaintiff asserted that the parties were married on 14 February 1959. In 1964 they purchased a home on Lake Fairview, 4546 Edgewater Drive, in Orlando, Florida for $22,500. There was an $18,000 mortgage and a down-payment of $4,500 was made. The down-payment funds came from a loan from First Federal of Burlington and Paul Parslow's cashed-in endowment policy with the United States Marine Corps. Paul Parslow paid the mortgage on the house from 1964 to 1972 with his earnings from the Marine Corps, Woods of Florida, Allison's Plating and the Bendix Corporation. In 1971 Paul Parslow sold his small tract of land in Florida, and used part of the proceeds to retire the promissory note to First Federal.

Paul Parslow's sworn statements indicated that he contributed to improvements on Mildred Parslow's real estate in the following manner:

First, in 1972 the Parslows spent approximately $5,000.00 in renovating Mildred Parslow's rental property at 512 Alamance Street. Paul Parslow expended considerable labor and supervision time in this effort. The money for the renovation came in large part from insurance proceeds from damages and personal property loss associated with the burglary of their mobile home which was owned jointly by the parties. Plaintiff had paid approximately $5,000.00 of the $8,000.00 cost of the mobile home with his earnings at the Bendix Corporation and with part of the proceeds from the sale of his Florida property.

Second, in 1975 the parties built a new house on Mildred Parslow's property at 2601 Hoskins Drive. The house was built for a contract price of $34,210.00 of which $20,000 was paid by First Federal pursuant to a promissory note signed by both of the parties. The balance of the funds came from, among other sources, $5,800.00 from the sale of the mobile home and $5,300.00 from funds placed in a savings account left over from the sale of the house owned by the parties in Orlando, Florida. Mildred Parslow made the subsequent mortgage payments on the house but Paul Parslow paid all of the other household expenses.

In addition to the above described real property, the parties own a 1973 Holiday Rambler and a 1973 Buick Electra, purchased for $8,000.00 and $5,100.00 respectively with the proceeds from the sale of the Florida house. The parties also own 749 shares of Bank of Beaufort stock worth approximately $8,000.00 The initial 25 shares were given to Paul Parslow by his mother in 1969. The remainder came from reinvested dividends, stock splits and new purchases by the Parslows. The parties are also joint owners of one-half of a building lot in Cape Coral, Florida.

*Shoffner & Moseley by W. Phillip Moseley and Daniel H. Monroe for plaintiff appellant.*

*Holt, Spencer & Longest by W. Clary Holt for defendant appellee.*

CLARK, Judge.

Three categories of property are involved in this case: personal property owned in common by the parties, improvements on real property for which the title is held by Mildred Parslow, and real property in Florida jointly owned by the parties.

We begin with the more difficult question pertaining to the improvements on real property at 512 Alamance Street and 2601 Hoskins Drive in which Mildred Parslow held record title and on which improvements were added with a substantial contribution by Paul Parslow. With respect to the house and lot on 512 Alamance Street the appellant seeks $7,000.00 for the improvements and appreciation which result from the investment and personal labor of the appellant. With respect to the house constructed at 2601 Hoskins Drive, appellant asserts that the land and the residential dwelling place constructed thereon were at all times considered the joint properties of the parties, that the defendant holds the properties in constructive trust, or in the alternative, in a resulting trust, in favor of the parties, share and share alike, and that the properties should be sold, the outstanding Note and Deed of Trust be satisfied from the proceeds, and the balance be divided between the parties.

The general rule in North Carolina has been stated as follows:

"If the husband pays the purchase price, and a deed of conveyance is made to himself and his wife, the law presumes the creation of a tenancy by the entirety, presuming that the husband intended to make a gift to the benefit of the wife to the extent of her interest in the tenancy by the entirety. On the other hand, if the wife furnishes the purchase price, the law makes no presumption that a tenancy by the entirety was created, but instead presumes that the wife intended to place title in the husband and herself on a resulting trust for the wife."

Webster, Real Estate Law in North Carolina § 102 (1971); *Tarkington v. Tarkington*, 45 N.C. App. 476, 263 S.E. 2d 294 (1980). This rule was tacitly criticized in *Tarkington, supra*, and there is a substantial question as to whether this rule denies equal protection of the laws to male spouses in view of recent Supreme Court decisions, *see, e.g., Wengler v. Druggists Mutual Insurance Company*,    U.S.    (No. 79-381, 48 U.S.L.W. 4459 (1980), and *Orr v. Orr*, 440 U.S. 268, 99 S. Ct. 1102, 59 L. Ed. 2d 306 (1979). We cannot, however, reach this question at this time because constitutional objections may not be raised for the first time on appeal and there is nothing in the record to indicate that this question was ever adjudicated by the trial court. *See, Brice v. Moore*, 30 N.C. App. 365, 226 S.E. 2d 882 (1976), involving this very same question. *See also*, 1 Strong's N.C. Index 3d, *Appeal and Error* §§ 2-3 (1976).

Nonetheless, even assuming that the above-stated rule applies to create a presumption that Paul Parslow's contributions to the improvements on Mildred's property were a gift to her, this presumption is rebuttable. *Tarkington, supra.* The question is therefore whether under Rule 56 the pleadings, answers to interrogatories, and admissions on file, together with the affidavits tend to rebut the presumption of gift and raise a genuine issue of material fact. If so, the order dismissing this claim was improvidently entered. It is noted that the order refers to defendant's Rule 12 (b) (6) motion to dismiss for failure to state a claim, but Rule 12 (b) provides that on such motion if matters outside the pleadings are presented to and considered by the court, the motion will be treated as one for summary judgment and disposed of as provided in Rule 56. Therefore, the order appealed from is treated by us as a motion for summary judgment.

[1] We find that the supporting materials presented to and considered by the court raise a genuine issue of material fact in that the matters favorable to plaintiff's claim tend to show unjust enrichment and would support the creation of an equitable lien on the real property of the defendant to enforce plaintiff's right to compensation for the value of the improvements made by him. No contract, oral or written, enforceable or not, is

necessary to support a recovery based upon unjust enrichment. "Such a recovery is founded on the equitable theory of estoppel and not on principles of quasi or implied contract." *Clontz v. Clontz*, 44 N.C. App. 573, 578, 261 S.E. 2d 695, 698 (1980).

If the plaintiff-appellant herein possessed a good faith belief that he owned or would own a one-half interest in the value of the improvements made by him on his wife's property, or that an interest in the property was promised by her to him, "and such improvements inure to defendant's benefit, [this factor] is sufficient to support recovery under the unjust enrichment doctrine." *Id.* If so, the plaintiff-husband would be entitled to an equitable lien on the realty as an aid in enforcing his rights, but such lien is not an estate in the land and may not be the basis of a beneficial interest. *Fulp v. Fulp*, 264 N.C. 20, 140 S.E. 2d 708 (1965); 5 Scott, *The Law of Trusts* (3d ed.) § 454.7 at 3387. Plaintiff's supporting materials tend to show an equitable lien for unjust enrichment rather than a constructive or a resulting trust and this trial court erred in dismissing this claim by summary judgment.

[2] Second, the courts of this State do not have jurisdiction to order a partition or partition sale of the real property in Florida. The trial court did not err in dismissing this aspect of plaintiff's claim.

Third, the District Court erred in dismissing the plaintiff's claims pertaining to the personal property. "In this State a tenancy by the entirety may exist only in land and not in personalty of any kind. If a husband and a wife are co-owners of personal property, nothing else appearing, they hold as tenants in common." 2 Lee, *North Carolina Family Law* § 114 (1963) at 67. "One cotenant is as much entitled to the possession of the common property as the other, and the law will not take from the one so as to give the other property owned in common. The proper remedy is by a special proceeding to divide or to sell for division." *Coulbourn v. Armstrong*, 243 N.C. 663, 667, 91 S.E. 2d 912, 915 (1956).

[3] The appropriate procedure, provided in Article 4 of Chapter 46 of the General Statutes, is for the tenant in common seeking

Parslow v. Parslow

a division of personal property to file a petition in the *superior* court for that purpose. This action was brought in the district court, and while the parties could have moved pursuant to G.S. § 7A-258 to transfer the case to the proper division while the case was pending in the improper division, the parties waived this right after the case had been called for trial, and the defect is not jurisdictional. *Stanback v. Stanback*, 287 N.C. 448, 215 S.E. 2d 30 (1975).

The plaintiff has joined in the District Court one cause of action for an equitable lien for the value of improvements made on realty with another cause of action for the partition of personal property. The two causes of action depend upon different facts and principles of law, and they should be severed. Since the judgment is reversed and the action remanded, if the plaintiff elects to proceed with his claim for partition of personal property, it is ordered that this cause be severed by plaintiff taking a voluntary dismissal without prejudice under G.S. 1A-1, Rule 41(a)(1) and by filing his petition for division in the Superior Court as provided by Article 4 of Chapter 46 of the General Statutes.

So much of the judgment dismissing the claim for partition of jointly-owned realty in the State of Florida is affirmed; so much of the judgment dismissing the claims for equitable lien for unjust enrichment and partition of personal property is reversed and the case remanded for further proceedings in compliance with this decision.

Affirmed in part; Reversed in part.

Judges MARTIN (Robert M.) and ERWIN concur.