PEGGY S. RICHARDSON v. THE CAROLINA BANK, PERSONAL REPRESENTATIVE
OF THE ESTATE OF JOHN P. RICHARDSON

No. 8120SC1341

(Filed 16 November 1982)

Quasi Contracts and Restitution § 5— unjust enrichment—sufficient evidence to
support equitable lien on former husband's property

    The trial court erred in granting defendant's motion to dismiss since plain-
tiff's complaint set forth a cause of action for unjust enrichment where the
evidence tended to show that plaintiff and decedent had been married, di-
vorced, later resumed living together but did not marry, and bought a tract of
land, in which title was in deceased's name only, but to which plaintiff con-
tributed $20,606.15 of her own funds.

APPEAL by plaintiff from *Lane, Judge.* Judgment entered 24
August 1981 in Superior Court, MOORE County. Heard in the
Court of Appeals 22 September 1982.

    Plaintiff and John P. Richardson were married on 24
February 1962 and later divorced. After the divorce plaintiff and
Richardson resumed living together, but did not remarry. They
moved to Moore County, North Carolina, in October 1972 and
Richardson bought a tract of land on which plaintiff and Richard-
son began building a home in 1979. Title to the property was in
Richardson's name only. Plaintiff alleged in her complaint that
she contributed $20,606.15 of her own funds to the cost of im-
provements to Richardson's land. When Richardson died, the
Moore County property was included among Richardson's estate,
and defendant, the personal representative of Richardson's estate,
refused to reimburse plaintiff for her contribution to im-
provements on Richardson's property. Plaintiff brought this ac-
tion for reimbursement of those funds under the theory of unjust
enrichment.

    The complaint was filed on 21 October 1980 and on 11 August
1980 plaintiff filed a motion to amend the complaint to include a

prayer for imposition of a constructive trust. On 6 October 1981 the trial court granted defendant's motion to dismiss plaintiff's complaint because of failure to state a claim pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. The trial court also denied plaintiff's motion to amend the complaint.

*Pollock, Fullenwider, Cunningham & Patterson, by Bruce T. Cunningham, Jr., for plaintiff-appellant.*

*Van Camp, Gill & Crumpler, by James R. Van Camp, for defendant-appellee.*

MARTIN (Robert M.), Judge.

This appeal presents two questions, the most important question being whether the trial court erred in granting defendant's motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. We hold that the trial court erred in granting defendant's Rule 12(b)(6) motion, since plaintiff's complaint sets forth a cause of action for unjust enrichment.

The facts in this case are similar to those in *Fulp v. Fulp,* 264 N.C. 20, 140 S.E. 2d 708 (1965). In that case the husband and wife placed improvements on land titled in the husband's name only. The husband agreed that he would add the wife's name to the deed if she would contribute one-half of the cost of the improvements. The wife paid one-half the costs of the improvements and then asked that the property be titled in both their names, but the husband refused to change the deed. The parties separated in 1959 at which time the wife brought an action to impose a resulting or constructive trust, or in the alternative, to recover her contributions to the cost of the improvements.

Justice Sharp (later Chief Justice), speaking for the Court, found the theories of resulting trusts and constructive trusts inapplicable to that fact situation, since the wife's funds had not been used by the husband to acquire title to realty. *Id.* at 22, 140 S.E. 2d at 711. Instead, the court found the wife's evidence sufficient to establish an equitable lien. In describing this remedy it stated "An equitable lien, or encumbrance, is not an estate in land, nor is it a right which, in itself, may be the basis of a possessory action. It is simply a charge upon the property, which charge subjects the property to the payment of the debt of the creditor in whose favor the charge exists." *Id.* at 24, 140 S.E. 2d at 712.

The court further stated that the remedy "results only where there are factors invoking equity, here the confidential relationship." *Id.* at 25, 140 S.E. 2d at 713. While, in the present case, the plaintiff and Richardson were not husband and wife at the time plaintiff contributed to the cost of improvements placed on Richardson's land, we feel that their relationship was so similar to the confidential relationship found in *Fulp* that we are compelled to invoke the equitable lien doctrine.

In another similar case where husband and wife had divorced, the husband sought to recover the value of improvements he had made to the wife's property during the marriage. *Parslow v. Parslow,* 47 N.C. App. 84, 266 S.E. 2d 746 (1980). The facts did not disclose any express or implied communication on the part of the wife indicating she was willing to add her husband's name to the record of title. The Court of Appeals held that where the plaintiff possessed a good faith belief that plaintiff owned or would own an interest in the value of the improvements made by plaintiff on defendant's property and the improvements inured to defendant's benefit, plaintiff had a claim sufficient to support an equitable lien under the unjust enrichment doctrine. "No contract, oral or written, enforceable or not, is necessary to support a recovery based upon unjust enrichment." *Id.* at 88-89, 266 S.E. 2d at 749.

We hold that plaintiff's action should not have been dismissed, as the complaint contained enough information to set out a cause of action for unjust enrichment. Plaintiff should be allowed to prove, as in *Parslow,* that she possessed a good faith belief that she owned or would own an interest in the value of the improvements made by plaintiff to defendant's property.

Since we hold that the theory of constructive trusts is not applicable to these facts, we find no prejudicial error in the trial court's denial of plaintiff's motion to amend her complaint to include a prayer for imposition of a constructive trust.

With respect to the plaintiff's appeal from the judgment dismissing the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), we hold that the judgment of the trial court was in error. The judgment is therefore

Reversed and remanded.

Judges ARNOLD and WHICHARD concur.