JACK E. BIESECKER v. MARY LOU BIESECKER

No. 8222SC462

(Filed 17 May 1983)

1. **Husband and Wife § 4— conveyance from wife to husband—absence of counsel for wife**

    The wife's deed conveying to the husband all of her rights in the marital home which the parties had purchased as tenants by the entirety was not invalid because the wife was not represented by counsel when she signed the deed. G.S. 39-13.3(c) and (e) and former G.S. 52-6.

2. **Husband and Wife § 4— wife's conveyance to husband—absence of understanding of legal rights**

    A deed from the wife to the husband was not invalid because the wife was not aware of and did not understand her legal rights when she signed the deed, since a person signing a written instrument is under a duty to read it for his own protection and ordinarily is charged with knowledge of its contents.

3. **Husband and Wife § 4— conveyance from wife to husband—consideration—love and affection**

    Natural love and affection constituted good consideration for the wife's conveyance to the husband of her interest in the marital home which the parties had purchased as tenants by the entirety.

4. **Duress § 1— statute of limitations**

    The 3-year statute of limitations of G.S. 1-52(9) barred defendant wife from claiming that her deed to plaintiff husband was signed as a result of duress and undue influence where she was aware of plaintiff's alleged threats of physical violence more than three years before the claim was filed. G.S. 52-10.

Biesecker v. Biesecker

5. Husband and Wife § 12— wife's conveyance to husband upon separation—reconciliation of the parties

Where defendant wife conveyed to plaintiff husband upon their separation her interest in property which the parties had held as tenants by the entirety, the fact that plaintiff and defendant thereafter resumed the marital relationship was no basis for rescinding the deed or imposing a constructive trust on the property.

6. Quasi Contracts § 2.1— wife's payments on property held by husband—unjust enrichment

Defendant stated a claim for unjust enrichment where she alleged that, pursuant to a separation agreement, she conveyed to plaintiff in May 1976 her interest in a marital home which plaintiff and defendant had purchased as tenants by the entirety; plaintiff and defendant thereafter resumed living together in February 1977 but again separated on 1 September 1981; and during such period of reconciliation defendant contributed her earnings to the payment of the loans which constituted liens on the home in the good faith belief that plaintiff was going to execute a deed to plaintiff and defendant as tenants by the entirety.

APPEAL by defendant from *Collier, Judge.* Judgment entered 19 February 1982 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 14 March 1983.

Plaintiff, Jack E. Biesecker, and defendant, Mary Lou Biesecker, were married on 3 March 1968. On 29 July 1970, plaintiff and defendant purchased, as tenants by the entirety, a house and lot. On 17 May 1976 the parties separated. At that time defendant signed a deed conveying to plaintiff all her rights in the marital home which plaintiff and defendant had purchased as tenants by the entirety. Plaintiff and defendant resumed living together in February 1977, but again separated 1 September 1981. Plaintiff did not, at any time after the reconciliation, reconvey an ownership interest in the house and lot to defendant.

This appeal arose out of an action filed by plaintiff on 16 October 1981 for divorce from bed and board. Defendant's answer contained two counterclaims which are presently at issue. In her fourth defense and second counterclaim defendant requested rescission of the 17 May 1976 deed by which she gave up her interest in the house and lot previously owned by plaintiff and defendant as tenants by the entirety. The basis for rescission was stated in paragraph 5 of defendant's fourth defense and second counterclaim:

5. At the time of the execution of the Deed of Separation and the Deed referred to in the preceding paragraph, plaintiff was represented by counsel and defendant was not represented by counsel and defendant was not appraised (sic) of her legal rights and did not understand her legal rights; that defendant received no consideration for the execution of said deed and executed said deed only because of threats made against her by plaintiff and because of her fear of plaintiff; that at the time of execution of said deed the parties had a considerable equity in the property described in said deed and defendant received no value or consideration for her attempted transfer of said equity to plaintiff, and said deed by its very terms is grossly inequitable, unreasonable and unfair to this defendant; that following execution of the deed and separation agreement referred to, plaintiff and defendant resumed the marital relationship in February, 1977 and lived together as husband and wife until September 1, 1981; that during said period of time defendant contributed her earnings and income to the payment of loans which constituted liens upon the house and land above referred to and during said period of time, plaintiff promised on numerous occasions, to execute a deed placing said house and land in the names of plaintiff and defendant as tenants by the entirety; that plaintiff never fulfilled said promises and has never executed such a deed to the knowledge of this defendant.

Defendant's fifth defense and third counterclaim requested, in the alternative, that the court find that plaintiff held the disputed real property in a constructive trust for the benefit of defendant.

The trial court granted plaintiff's summary judgment motion as to defendant's fourth defense and second counterclaim and defendant's fifth defense and third counterclaim. From this summary judgment defendant appeals.

*Wilson, Biesecker, Tripp & Sink, by Joe E. Biesecker for plaintiff-appellee.*

*Stoner, Bowers and Gray, by Bob W. Bowers for defendant-appellant.*

EAGLES, Judge.

In her fourth defense and second counterclaim, at paragraph five, defendant set out several reasons supporting her request for rescission of the 17 May 1976 deed or imposition of a constructive trust. While we hold that defendant's arguments do not present a valid basis for rescission of the deed, or for imposition of a constructive trust, we must still hold that the trial court improperly granted plaintiff's summary judgment motion. Defendant's answer alleged facts which, if proven, could support a finding of unjust enrichment, allowing imposition of an equitable lien in favor of defendant upon the property she deeded to plaintiff.

[1] Defendant first argues that the deed should be rescinded because she was not represented by counsel when she signed the deed. It is well established that the absence of counsel will not defeat an otherwise valid family agreement. *Beck v. Beck*, 36 N.C. App. 774, 245 S.E. 2d 199 (1978). There is no question that this was a valid family agreement. G.S. 39-13.3(c) and (e) expressly allow the type of transaction which occurred between plaintiff and defendant on 17 May 1976. The parties properly followed the requirement of G.S. 52-6, then in effect, that the deed be "acknowledged before a certifying officer who shall make a private examination of the wife" to assure that the conveyance would not be unreasonable or injurious to the wife.

[2] Defendant also argues that the deed should be invalidated because she was not aware of, nor understood, her legal rights when she signed the deed, but "[a] person signing a written instrument is under a duty to read it for his own protection, and ordinarily is charged with knowledge of its contents. Nor may he predicate an action for fraud on his ignorance of the legal effect of its terms." 6 N.C. Index 3d, Fraud § 5; *Pierce v. Bierman*, 202 N.C. 275, 162 S.E. 566 (1932).

[3] Defendant next suggests that the 17 May 1976 conveyance should not be given legal effect since defendant received no consideration from plaintiff for the execution of that deed. We reject this argument on the basis that under G.S. 52-10 "natural love and affection" constitutes good consideration for the conveyance of land. *Exum v. Lynch*, 188 N.C. 392, 125 S.E. 15 (1924).

[4] Defendant also argues that the deed should not be given effect since she signed it under duress. Under G.S. 1-52(9) defendant

had three years, from the time she discovered or should have discovered the fraud, in which to challenge the validity of the deed. Defendant is barred from raising the issue of duress or undue influence at this late date, since she signed the deed 17 May 1976, and was aware of plaintiff's alleged threats of physical violence at that time.

[5]   Furthermore, the fact that plaintiff and defendant resumed the marital relationship is no basis for rescinding the deed or imposing a constructive trust since "where the agreement for separation includes a division of property which might have been made if no separation had taken place, the reconciliation does not abrogate this division." *Jones v. Lewis*, 243 N.C. 259, 261, 90 S.E. 2d 547, 549 (1955).

[6]   While none of the above arguments presented by defendant justifies granting her request to rescind the deed or impose a constructive trust on the property, defendant's answer does set forth a claim for unjust enrichment. Upon a finding of unjust enrichment the trial court could then impose an equitable lien, "a charge upon the property, which charge subjects the property to the payment of the debt of the creditor in whose favor the charge exists." *Fulp v. Fulp*, 264 N.C. 20, 24, 140 S.E. 2d 708, 712 (1965).

Defendant's fourth defense and second counterclaim, paragraph 5, stated that

[T]hat following execution of the deed and separation agreement referred to, plaintiff and defendant resumed the marital relationship in February, 1977 and lived together as husband and wife until September 1, 1981; that during said period of time defendant contributed her earnings and income to the payment of loans which constituted liens upon the house and land above referred to and during said period of time, plaintiff promised on numerous occasions, to execute a deed placing said house and land in the names of plaintiff and defendant as tenants by the entirety; that plaintiff never fulfilled said promises and has never executed such a deed to the knowledge of this defendant.

Defendant's fifth defense and third counterclaim, paragraph 3, stated that

Since July 29, 1970, defendant has used her separate monies and income for the purchase of said house and land, and for the payment of taxes and insurance upon said house and lands, and for the payment of installment notes secured by Deeds of Trust upon said house and land and over said period of time defendant has invested more than Twenty Thousand Dollars ($20,000.00) for [sic] separate monies and earnings in said house and lands.

These allegations are similar to those in *Parslow v. Parslow*, 47 N.C. App. 84, 266 S.E. 2d 746 (1980), in which this Court held that where the husband possessed a good faith belief that he owned or would own an interest in the value of the improvements he made on his wife's property and those improvements inured to the wife's benefit, the husband had a claim sufficient to support an equitable lien under the unjust enrichment doctrine. In that case, the husband and wife had divorced and the husband sought to recover the value of improvements he had made to the wife's property during the marriage.

This court has recently considered the same question in the case of *Richardson v. Carolina Bank*, 59 N.C. App. 494, --- S.E. 2d --- (1982). There plaintiff and defendant obtained a divorce but later resumed living together without remarrying. Plaintiff thereafter contributed funds to build a home on land titled in defendant's name only. This Court held that under the doctrine of unjust enrichment, plaintiff should be given the chance to prove that she did so under a good faith belief that she owned or would own an interest in the value of the improvements made by plaintiff to defendant's property, thereby entitling her to an equitable lien on defendant's property in the amount of her contribution to the cost of those improvements.

Under the unjust enrichment doctrine, the defendant here should be given the opportunity to show how much she invested in the property after she deeded it to plaintiff on 17 May 1976, and whether she invested her funds with a good faith belief that plaintiff was going to execute a deed to the plaintiff and defendant as tenants by the entirety.

For the above reasons we find error in the trial court's entry of summary judgment for plaintiff.

Reversed and remanded.

Chief Judge VAUGHN and Judge WEBB concur.