Falcone v. Juda

JOSEPH J. FALCONE AND WIFE, KATHERINE DIANE J. FALCONE v. EDWIN JUDA AND WIFE, LILLIAN M. JUDA

No. 8414SC424

(Filed 18 December 1984)

1. **Appeal and Error § 6.2— summary judgment—counterclaim remaining—no right of immediate appeal**

   An order granting summary judgment on plaintiff vendors' claim for cancellation of a notice of the purchaser interest was interlocutory since defendant purchasers' counterclaim for the down payment and other monies paid *to plaintiffs remained to be adjudicated, but the appeal was treated as a peti-tion for certiorari and was allowed.*

2. **Vendor and Purchaser § 4— cancellation of notice of purchasers' interest—title not relevant**

   An issue of title was not relevant to plaintiff vendors' right to cancellation of a notice of purchasers' interest upon default by defendant purchasers where the contract between the parties provided that upon default the purchasers would forfeit and the vendors would be reinvested with title, and cancellation of the notice was thus not dependent on the validity of plaintiffs' title but was *a matter of contract between the parties.*

3. **Mortgages and Deeds of Trust § 1.1— counterclaim for down payment and monies paid—no equitable lien**

   A counterclaim by the defaulting purchasers of land for the return of a down payment and other monies paid to the vendors did not give rise to an equitable lien since no express contract created a lien and no special factors such as a confidential relationship *justified a lien by implication.*

APPEAL by defendants from *Barnette, Judge.* Judgment entered 12 December 1983 in Superior Court, DURHAM County. Heard in the Court of Appeals 5 December 1984.

Plaintiffs as sellers and defendants as buyers entered into an installment land contract on 14 July 1981. The contract provided that a down payment be made upon execution of the contract, and the balance, plus interest, be paid on or before 1 July 1982; it also provided for defendants to pay plaintiffs 12 smaller monthly installments beginning July 1981, which payments were to be applied first to the interest and then to the principal. Should the vendee (defendants) fail to perform the terms of the contract, the vendor (plaintiffs) was to be "fully and completely reinvested," and the vendee was to forfeit, "all right, title and interest" in and to the property. Also on 14 July 1981, the parties executed a

document entitled "Notice of Purchaser's Interest." The notice stated that the defendants had agreed to buy and the plaintiffs to sell the property in question. It was recorded by the Durham County Register of Deeds on 6 August 1981.

On 13 June 1983, plaintiffs filed a complaint alleging that defendants had defaulted on the contract for deed, yet refused plaintiffs' request to release the notice of purchaser's interest. In their prayer for relief the plaintiffs requested that the court order that the notice be cancelled. Defendants answered, denying plaintiffs' allegations, and also counterclaimed for money damages for the down payment and other monies paid to plaintiffs on the grounds that the contract for deed was unenforceable, and alternatively, if enforceable, the monies should be considered a penalty and not liquidated damages. In their reply, plaintiffs denied that the contract was unenforceable, and also alleged certain sums of money as a setoff to any claims made against them.

Plaintiffs then moved for, and were granted, a summary judgment ordering the Register of Deeds to cancel the Notice of Purchaser's Interest. From order granting summary judgment, defendants appeal.

*Harriss, Embree & Marion, by Joseph W. Marion, for plaintiff-appellees.*

*Cooper, Williams & Bryan, P.A., by James T. Bryan, III, for defendant-appellants.*

VAUGHN, Chief Judge.

[1] The order, which granted summary judgment on plaintiffs' claim, is not a final judgment, but is interlocutory, as defendants' counterclaims remain to be adjudicated. Although an appeal does not customarily lie from an interlocutory order, an exception is made if such order deprives the appellant of a substantial right which will be lost if the ruling is not reviewed before final judgment. *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978). In other words, immediate appeal from nonfinal orders is reserved for cases in which normal procedural channels are inadequate to protect the substantial right affected. *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E. 2d 777 (1983). Appealability of a particular order is usually resolved by

considering the facts of that case and the procedural context in which the order was entered. *Id.* We do not decide whether the appeal lies as a matter of right. We instead treat the appeal as a petition for certiorari, allow it, and consider the matter on its merits.

Summary judgment is granted if the pleadings, together with supporting materials, "show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Rule 56(c), N.C. Rules Civ. Proc. *See generally*, Shuford, North Carolina Civil Practice and Procedure § 56-7 (2d ed. 1981). Defendants attempt to locate a genuine issue of material fact in three separate areas: whether plaintiffs have title to the land, whether defendants defaulted under the contract for deed, and whether defendants have an equitable lien against the land in question. We find each of defendants' arguments unpersuasive and therefore affirm.

[2]   First, title is not at issue here. The issue is whether the notice of purchaser's interest should be cancelled. The contract of deed provides that upon defendants' default, the defendants shall forfeit and the plaintiffs shall be reinvested with title to the property. The cancellation of the notice, crucial to plaintiffs' resumption of title, is not in any way dependent on the validity of plaintiffs' title. Rather, reinvestment with title is a matter of contract between the parties, triggered by defendants' default under the contract.

Second, there is no question but that defendants defaulted under the contract. The contract provides that upon the failure of the defendants to pay the principal or interest, the plaintiffs are to be reinvested with title. In defendants' verified answer, they explicitly state that the contract was "terminated," that they discontinued their monthly payments to the plaintiffs after having made only ten of them, and that they attempted to secure alternate financing to pay the principal balance, but were unable to do so prior to 1 July 1982. Defendants' own admissions, then, establish a default under the contract of sale.

Defendants' final argument is that summary judgment was inappropriately granted because there remains a question of fact whether their counterclaim for money damages creates an equitable lien against the property in dispute. Our examination of

the record satisfies us that the materials presented upon the motion for summary judgment do not give rise to a triable issue of fact as to the existence of an equitable lien.

[3] An equitable lien is not an estate in land, but is an equitable encumbrance upon land, "a charge upon the property, which charge subjects the property to the payment of the debt of the creditor in whose favor the charge exists." *Fulp v. Fulp*, 264 N.C. 20, 24, 140 S.E. 2d 708, 712 (1965). Such liens may be created by express contract or arise by implication. They most frequently arise by implication when one person has wrongfully expended another person's funds for improvements to the former's property, although the remedy is not limited to those cases. *Id*. The Supreme Court in *Fulp* noted that the remedy of an equitable lien "is not a necessary incident to the action for money had and received but results only when there are factors invoking equity, here the confidential relationship." *Id*. at 25, 140 S.E. 2d at 713. *Accord, Richardson v. Carolina Bank*, 59 N.C. App. 494, 297 S.E. 2d 197 (1982); *Parslow v. Parslow*, 47 N.C. App. 84, 266 S.E. 2d 746 (1980); 51 Am. Jur. 2d *Liens* § 24 (1970) (apply doctrine only in cases where the law fails to give relief and justice would suffer without it). It is obvious, therefore, that defendants have no grounds on which to base the existence of an equitable lien. No express contract creates a lien, and no special factors such as a confidential relationship justify a lien by implication.

Affirmed.

Judges WEBB and HILL concur.