W. G. IVEY v. JOHNNY M. WILLIAMS

No. 8412DC639

(Filed 7 May 1985)

1. **Trusts § 14.1— use of spouse's funds to improve land—no constructive trust**
   The doctrine of constructive trust is inapplicable when it is alleged that a spouse's funds were used inequitably, not to acquire title to land, but to improve the land subsequent to the acquisition of title by the other spouse.

2. **Quasi Contracts and Restitution § 1.2— improvements to spouse's property— no unjust enrichment**
   Defendant has no claim based on unjust enrichment for improvements to his wife's property without an allegation that his wife expressly promised that he would enjoy an ownership interest in the property, since a claim for unjust enrichment may not be based on a mere good faith belief or implied promise that ownership of the property would be joint.

3. **Ejectment § 1; Mortgages and Deeds of Trust § 1.1— equitable lien—no defense to ejectment action**
   An equitable lien is not possessory in nature and, therefore, would not serve as a defense to an action for possession of property.

APPEAL by defendant from *Cherry, Judge.* Judgment entered 11 May 1984 in District Court, CUMBERLAND County. Heard in the Court of Appeals 8 February 1985.

*Downing, David and Maxwell, by Harold D. Downing for plaintiff appellee.*

*Lumbee River Legal Services, Inc., by T. Diane Phillips, for defendant appellant.*

BECTON, Judge.

I

This case began as a summary ejectment action in small claims court. Plaintiff, W. G. Ivey, asked the court to remove his former son-in-law, the defendant, Johnny M. Williams, from Ivey's property. Williams answered, asserting that by operation of the doctrines of constructive trust and/or unjust enrichment, he was entitled to the subject home and property or its value, or at least one-half the value of the home and property. After the action was transferred to district court, Ivey amended his Complaint to seek sole possession of the property and damages arising from Wil-

liams' unlawful occupancy. Ivey then moved for summary judgment. The trial court granted summary judgment for Ivey on the issue of ownership, reserving for a later date the determination of damages. Williams appeals. For the reasons stated below, we affirm the trial court.

## II

### Factual Background

Lilma Strickland acquired title to an undeveloped lot by warranty deed dated 11 October 1974. Ms. Strickland married Johnny Williams on 30 May 1975. During the marriage, the couple constructed a home on the property. Williams, a carpenter, claims to have built the house himself.

The house and lot were the subject of two deeds of trust executed by the couple, one on 8 April 1977, and another on 17 July 1978. Williams claims to have made all the mortgage payments and paid all the premiums on what was apparently a homeowner's insurance policy.

In 1979, a substantial portion of the house burned down. Contained in the record are copies of three checks drawn on Great American Insurance Company, totalling $39,810.39, made payable to Williams, his wife, and the mortgage holder. Although the checks were cashed in December 1979, Williams alleges that he never received any of the proceeds.

Ms. Williams was granted an absolute divorce from Williams on 12 April 1983. Williams alleges that this divorce was obtained without his knowledge, and also that in June 1983, Ms. Williams denied having divorced him when he asked her whether they had been divorced. Ms. Williams died intestate on 12 November 1983. After her death, defendant apparently took up residence in what remained of the burned-out dwelling. Ivey, Ms. Williams' father, and her sole heir at law, instituted the summary ejectment action on 15 December 1983.

## III

A. Williams argues that summary judgment was improvidently granted because the materials presented to the court raised a genuine issue of fact as to whether Ivey is the sole owner

of the subject property. Williams contends that because he built the house, made the mortgage payments, and received none of the insurance proceeds, he is entitled to prove his ownership interest in the property and his right to possession based on theories of constructive trust and/or unjust enrichment.

[1] First, we conclude that the doctrine of constructive trust is not pertinent to the facts before us. When it is alleged, as here, that a spouse's funds are used inequitably not to acquire title to land, but to improve the land subsequent to the acquisition of title by the other spouse, the doctrine of constructive trust has been expressly held inapplicable. *Fulp v. Fulp*, 264 N.C. 20, 140 S.E. 2d 708 (1965); *Richardson v. Carolina Bank*, 59 N.C. App. 494, 297 S.E. 2d 197 (1982).

[2] B. Williams' argument that Ivey offered no evidence tending to disprove Williams' ownership interest based on Williams' theory of unjust enrichment must also fail. "Unjust enrichment" is a legal term characterizing

> the result or effect of a failure to make restitution of, or for, property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor. It is a general principle, underlying various legal doctrines and remedies, that one person should not be permitted unjustly to enrich himself [or herself] at the expense of another. . . .

66 Am. Jur. 2d *Restitution and Implied Contracts* Sec. 3, at 945 (1973). *See Parslow v. Parslow*, 47 N.C. App. 84, 266 S.E. 2d 746 (1980) (unjust enrichment founded upon equitable estoppel, and not on principles of quasi or implied contract). In *Fulp v. Fulp*, the plaintiff's evidence indicated that in consideration of defendant husband's oral promise to convey to her a one-half interest in the land, or to have her name put on the deed, plaintiff contributed approximately one-half the money needed to construct a house on the land, which was titled in the husband's name alone. The Supreme Court stated that although these facts did not give rise to a resulting or constructive trust, they did give rise to a claim of equitable lien.

In the instant case, unlike *Fulp*, Williams does not allege that his wife ever made an express promise to convey an interest in

the land, or to put his name on the deed. And although Williams contends that he and his wife had intended to own the property jointly, it has been held that a claim for unjust enrichment in these situations may not be based on a mere good faith belief or an implied promise.

In *Wright v. Wright*, 305 N.C. 345, 289 S.E. 2d 347 (1982), the Supreme Court stated that, when a husband and wife are involved,

> where the claim of unjust enrichment rests upon the owner's express, unenforceable promise to convey an interest in the land to the improver, the improver must prove the promise[,]
>
>     . . . .
>
> not only because the plaintiff has both pleaded and attempted to prove an express promise but because of the relationship of husband and wife which exists between the parties. In cases not involving special relationships between the parties, the doctrine of unjust enrichment may be invoked upon a theory of an implied promise to pay.

*Id.* at 353-4 & n. 6, 289 S.E. 2d at 352-3 & n. 6. *See* 41 Am. Jur. 2d *Husband and Wife* Sec. 99 (1968). The Supreme Court reasoned that husband-wife situations are treated differently because any improvement to a spouse's property is presumed to be a gift. *See Mims v. Mims*, 305 N.C. 41, 286 S.E. 2d 779 (1982).

Without an allegation of his wife's express promise that he would enjoy an ownership interest in the property, Williams has no forecast of evidence allowing a recovery based on unjust enrichment. An implied promise is insufficient.

[3] We observe that even if Williams were to prevail on his theory of unjust enrichment, an equitable lien is not possessory in nature and, therefore, would not serve as a defense to Ivey's action for possession. *Fulp v. Fulp* (equitable lien is not an estate in land, but simply a charge upon the property).

IV

Before summary judgment may be entered, the record before the trial court must clearly establish that no material issue of fact exists, and that the movant is entitled to judgment as a matter of

law. *See A-S-P Assocs. v. City of Raleigh*, 38 N.C. App. 271, 247 S.E. 2d 800 (1978), *rev'd on other grounds*, 298 N.C. 207, 258 S.E. 2d 444 (1979).

In the case before us, no triable issues of fact remain as to Ivey's exclusive ownership interest in the subject property. The order granting summary judgment is therefore

Affirmed.

Judges WELLS and WHICHARD concur.