FARMAH v. FARMAH

[126 N.C. App. 210 (1997)]

NARESH K. FARMAH AND SURJEET K. FARMAH, PLAINTIFFS v. RAM L. FARMAH AND SHEELA DEVI FARMAH, DEFENDANTS

No. COA96-467

(Filed 6 May 1997)

### Judgments § 652 (NCI4th)—income and sales proceeds— jointly owned property—interest from date of conveyance—contract in law

In an action in which the trial court awarded plaintiffs one-half of the value of property which was jointly owned by the parties and conveyed to a third party, the trial court did not err in assessing interest from the date of the transfer of the property as in a contract action since the action was based on principles of restitution or quasi-contract, and the law imposed a contract between the parties where none existed. N.C.G.S. § 24-5(a).

**Am Jur 2d, Restitution and Implied Contracts §§ 16, 20.**

**Contract of sale or granting of option to purchase, to third party, by both or all of joint tenants or tenants by entirety as severing or terminating tenancy. 39 ALR4th 1068.**

Appeal by defendants from judgment entered 15 December 1995 by Judge L. W. Payne in Wake County District Court. Heard in the Court of Appeals 13 January 1997.

On 21 July 1982, plaintiffs and defendants took title to real property located at 305 South Wilmington Street, Raleigh, Wake County, North Carolina (hereinafter "Wake County property"). Beginning on or about September of 1989, defendants had possession, use and control of the Wake County property. During such time, defendants rented the Wake County property and applied the rental income towards the payment of mortgage, insurance, utility and general maintenance expenses related to the property.

On or about August 1993, Wake County began garnishing plaintiff Naresh Farmah's wages for payment of past due ad valorem taxes on the Wake County property. The garnishment totaled $1610.00.

In May of 1987, defendant Ram Farmah took title to 8.2 acres of real property located in Lee County, North Carolina (hereinafter "Lee County property"). Approximately one month later, defendants con-

veyed a one-half undivided interest in the Lee County property to plaintiff Naresh Farmah. On 9 March 1988, plaintiffs and defendants entered into a contract with L. C. Williams Oil Company to exchange the Lee County property for gas tanks, pumps, and other related materials needed for the construction of a gas station on property jointly owned by defendants and Mohinder Farmah. The value of the Lee County property at the time of the exchange was $37,500.00.

On 2 February 1993, plaintiffs filed a complaint against defendants seeking an accounting of the funds received as rental income on the Wake County property. On 14 November 1995, plaintiffs filed an amended complaint claiming that defendants had been unjustly enriched by conversion of funds that should have accrued to the benefit of plaintiffs. Plaintiffs also sought an accounting of funds received pursuant to the sale of the Wake County property.

The case was tried without a jury on 15 November 1995 in Wake County District Court and plaintiffs and defendants were ordered to divide equally the funds held on deposit pursuant to the sale of the Wake County property. Defendants were also ordered to pay plaintiffs the sum of half the value of the Lee County property including interest, plus the amount garnished from plaintiff Naresh Farmah's wages.

Defendants appeal.

*E. Ray Briggs and Allen W. Powell for plaintiff appellees.*

*Allen & Pinnix, P.A., by D. James Jones, Jr., for defendant appellants.*

ARNOLD, Chief Judge.

Defendants argue that the trial court erred by assessing interest on the judgment from the date of the exchange of the Lee County property rather than from the date the action was instituted. In actions for breach of contract, "the amount awarded on the contract bears interest from the date of breach." N.C. Gen. Stat. § 24-5(a) (1991). In actions other than contract, interest accrues on the judgment "from the date the action is instituted." G.S. § 24-5(b). Defendants assert that because this case did not involve an action in contract, interest should have been awarded only from the date plaintiffs filed suit.

This argument is feckless. Plaintiffs' claims for damages and the trial judge's subsequent order were grounded in the equitable princi-

ples of restitution or quasi-contract as opposed to the legal principles of contract law.

> "Unjust enrichment" is a legal term characterizing the result or effect of a failure to make restitution of, or for, property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor. It is a general principle underlying various legal doctrines and remedies, that one person should not be permitted unjustly to enrich himself [or herself] at the expense of another . . . .

*Ivey v. Williams*, 74 N.C. App. 532, 534, 328 S.E.2d 837, 839 (1985) (quoting 66 Am. Jur. 2d *Restitution and Implied Contracts* Sec. 3, at 945 (1973)). "Accordingly, in the absence of any actual agreement between parties, the law will nonetheless *impose a contract* in order to prevent 'unjust enrichment.' " *Peace River Electric Cooperative v. Ward Transformer Co.*, 116 N.C. App. 493, 508-09, 449 S.E.2d 202, 213 (1994) (citing *Ellis Jones, Inc. v. Western Waterproofing Co.*, 66 N.C. App. 641, 645, 312 S.E.2d 215, 217 (1984)) (emphasis added), *disc. review denied*, 339 N.C. 739, 454 S.E.2d 655 (1995).

In this case, the law imposed a contract between the parties where none existed. Therefore, the trial judge's award of interest from the date of the transfer of the Lee County property was in accord with the statutory requirement that interest is awarded from the date of the breach of contract. G.S. § 24-5(a).

This approach is also consistent with equitable principles of restitution as interpreted by the Restatement of the Law of Restitution.

> [A] person who has a duty to pay the value of a benefit which he has received, is also under a duty to pay interest upon such value from the time he committed a breach of duty in failing to make restitution, if, and only if:
>
>> (a) the benefit consisted of a definite sum of money, or
>>
>> (b) the value of the benefit can be ascertained by mathematical calculation from the terms of an agreement between the parties or by established market prices, or
>>
>> (c) payment of interest is required to avoid injustice.

Restatement (First) of Restitution § 156 (1936).

Defendants claim that the value of the benefit received by the transfer of the Lee County property is unascertainable. We disagree.

The market value of the Lee County property was never seriously disputed by the parties. Both defendant Ram Farmah and plaintiff Narèsh Farmah testified at trial that the property was worth approximately $37,000.00 to $38,000.00. We hold that the value of the Lee County property was clearly ascertainable, and the trial judge properly awarded interest from the date of the sale.

Defendants next argue that the trial court's failure to allow them an offset for a discharged debt between Ram Farmah and Naresh Farmah constitutes reversible error. No assignment of error is set out in the record on appeal that corresponds to this issue; therefore the matter is not properly presented for our consideration. N.C.R. App. P. 10(a); *State v. Thomas*, 332 N.C. 544, 554, 423 S.E.2d 75, 80 (1992).

Defendants make numerous arguments and assignments of error that are not supported by relevant reasoning or citations of authority in their brief. These issues are waived on appeal. N.C.R. App. P. 28(b)(5).

Defendants' remaining assignments of error challenge the findings of fact and conclusions of law made by the trial judge. We have reviewed each of the questioned findings and hold that there is sufficient evidence to support each finding. We have also reviewed the trial judge's conclusions of law and hold that they are supported by the facts found in this case.

Affirmed.

Judges COZORT and WYNN concur.