FARMAH v. FARMAH

[348 N.C. 586 (1998)]

———————————

NARESH K. FARMAH AND SURJEET K. FARMAH v. RAM L. FARMAH AND SHEELA DEVI FARMAH

No. 280PA97

(Filed 9 July 1998)

**Judgments § 652 (NCI4th)— interest—date of accrual—quasi-contract action**

The Court of Appeals erred by upholding an award of interest under N.C.G.S. § 24-5(a) from the date of a breach of contract rather than from the date the action was filed under N.C.G.S. § 24-5(b). Plaintiffs' claims were grounded in the equitable principles of quasi-contract, which are different from the legal principles of contract law.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 126 N.C. App. 210, 484 S.E.2d 96 (1997), affirming judgment entered by Payne, J., on 15 December 1995 in District Court, Wake County. Heard in the Supreme Court 17 December 1997.

*Allen W. Powell for plaintiff-appellees.*

*Allen & Pinnix, P.A., by D. James Jones, Jr., for defendant-appellants.*

FRYE, Justice.

We allowed defendants' petition for discretionary review in order to consider the following two questions:

I.  Did the trial court err in converting the plaintiffs' equitable interest in real property into a money judgment against the defendants?

II. Did the trial court err in assessing interest on the judgment from 26 August 1988, rather than from 2 February 1993, the date the action was instituted?

FARMAH v. FARMAH

[348 N.C. 586 (1998)]

After careful consideration of the record, briefs, and oral argument, we conclude that discretionary review as to the first issue was improvidently allowed.

The Court of Appeals dealt with the second issue as follows:

Defendants argue that the trial court erred by assessing interest on the judgment from the date of the exchange of the Lee County property rather than from the date the action was instituted. . . . Defendants assert that because this case did not involve an action in contract, interest should have been awarded only from the date plaintiffs filed suit.

This argument is feckless. Plaintiffs' claims for damages and the trial judge's subsequent order were grounded in the equitable principles of restitution or quasi-contract as opposed to the legal principles of contract law.

. . . .

In this case, the law imposed a contract between the parties where none existed. Therefore, the trial judge's award of interest from the date of the transfer of the Lee County property was in accord with the statutory requirement that interest is awarded from the date of the breach of contract. N.C.G.S. § 24-5(a) [(1991)].

*Farmah v. Farmah*, 126 N.C. App. 210, 211-212, 484 S.E.2d 96, 97 (1997).

The date from which interest is awarded in contract and other actions is determined by statute. N.C.G.S. § 25-4 provides, in pertinent part, as follows:

(a) Contracts.—In an action for breach of contract . . . the amount awarded on the contract bears interest from the date of breach. . . .

(b) Other Actions.—In an action other than contract, the portion of money judgment designated by the fact finder as compensatory damages bears interest from the date the action is instituted until the judgment is satisfied.

In the interpretation of this statute, we are guided by well-settled principles. This Court has held:

In the construction of statutes, our primary task is to determine legislative intent while giving the language of the statute its natural and ordinary meaning unless the context requires otherwise.

*Turlington v. McLeod,* 323 N.C. 591, 594, 374 S.E.2d 394, 397 (1988) (*citing Housing Authority v. Farabee,* 284 N.C. 242, 200 S.E.2d 12 (1973)). In the context of this case we find nothing to suggest that the legislature meant anything other than as stated, and we give the statute its natural and ordinary meaning.

Defendants argue essentially that this is not a contract action governed by N.C.G.S. § 24-5(a), that N.C.G.S. § 24-5(b) applies, and that interest should have been awarded only from the date the action was instituted. We agree. Plaintiffs' claims were grounded in the equitable principles of quasi-contract which are different from the legal principles of contract law. The instant action is not one for breach of contract; it is an action other than contract. Therefore the awarding of interest is controlled by N.C.G.S. § 24-5(b) rather than (a).

Accordingly, we must reverse the Court of Appeals as to this issue and remand to that court for further remand to the trial court to amend the judgment to award interest from the date the action was instituted until the judgment is satisfied.

DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED IN PART; REVERSED AND REMANDED IN PART.