IN THE MATTER OF: A.T.

No. COA08-223

(Filed 15 July 2008)

**Child Abuse and Neglect— nonsecure custody order—appeal—jurisdiction**

An appeal was dismissed where it involved a DSS motion for review of a nonsecure custody order for a child and the foster care board rate, and appellant argued that even though nonsecure custody orders are expressly excluded from the statutory list of appealable juvenile orders, it had the right to appeal under an exception for an order finding an absence of jurisdiction. The trial court had jurisdiction over the proceedings and the order at issue in this case, and the issue raised by appellant is not jurisdictional in nature. The court's order addressing the merits of DSS's motion for review is not transformed into an order finding the absence of jurisdiction merely because the trial court questioned whether it had the authority to order foster care board rates in a nonsecure custody order that was entered months earlier.

Appeal by Petitioner from order entered 4 January 2008 by Judge Lisa V. Menefee in Forsyth County District Court. Heard in the Court of Appeals 11 June 2008.

**IN RE A.T.**

[191 N.C. App. 372 (2008)]

*Theresa A. Boucher, Assistant Forsyth County Attorney, for Petitioner-Appellant Forsyth County Department of Social Services.*

*Womble Carlyle Sandridge & Rice, by Andrew L. Fitzgerald, for Guardian ad Litem-appellee.*

ARROWOOD, Judge.

Petitioner-appellant Forsyth County Department of Social Services (DSS) appeals from an order denying its motion for review of a nonsecure custody order. We dismiss the appeal.

The pertinent history of this case is summarized as follows: In March 2006 DSS substantiated a report of neglect of a female child, A.T.[1] On 3 July 2007, more than a year later, DSS filed a petition alleging that A.T. was neglected. In an attachment to the petition, DSS informed the trial court that since 2 March 2006 A.T. had "been in a Kinship placement" with her mother's ex-husband and the ex-husband's wife, "K.C. and B.F."[2] The court conducted a nonsecure custody hearing on 9 July 2007, and entered a written order on 18 September 2007. The court ordered, *inter alia,* that A.T.'s custody "shall remain with [DSS]" and that "foster care board rate shall be paid to [K.C. and B.F.] effective March 2, 2006." A.T. was adjudicated neglected on 10 August 2007, and a written order was entered 25 September 2007. The trial court ordered that K.C. and B.F. continue to "receive foster care Board Rate" from DSS. Following a review hearing 5 October 2007, the court ordered A.T.'s custody to remain with DSS.

The record shows that DSS did not object to the court's 9 July 2006 order that it pay foster care board to K.C. and B.F., and that it made no attempt to appeal either the nonsecure custody order, the adjudication order, or the review order. However, on 22 October 2007 DSS filed a "Motion for Review" seeking review of "the foster care board rate provisions" of the Court's nonsecure custody order. DSS asserted in its motion that it was "not appropriate" that the trial court had ordered DSS to pay foster care board rate retroactive to 2 March 2006, because A.T. "has only been in the custody and placement responsibility of [DSS] since July 3, 2007." The trial court conducted

---

1. To preserve the privacy of the minor child, we refer to her in this opinion by the initials "A.T."

2. To preserve the privacy of the individuals involved, we refer to A.T.'s guardians by the initials K.C. and B.F.

a hearing on DSS's motion on 2 November 2007. On 4 January 2008 the trial court entered an order denying DSS's motion, from which DSS has appealed.

---

The dispositive issue is whether Appellant's appeal is properly before the Court. We conclude that it is not, and that Appellant has no right of direct appeal from either the nonsecure custody order or from the trial court's ruling on DSS's motion for review of the nonsecure custody order.

Appeal in juvenile cases is governed by N.C. Gen. Stat. § 7B-1001 (2007), which provides in pertinent part that:

(a) In a juvenile matter . . . appeal of a final order of the court . . . shall be made directly to the Court of Appeals. Only the following juvenile matters may be appealed:

(1) Any order finding absence of jurisdiction.

(2) Any order . . . which in effect determines the action and prevents a judgment from which appeal might be taken.

(3) Any initial order of disposition and the adjudication order upon which it is based.

(4) Any order, other than a nonsecure custody order, that changes legal custody of a juvenile.

(5) An order entered under [§] 7B-507(c) . . .

(6) Any order that terminates parental rights or denies a [termination] petition[.]

(emphasis added).

In the instant case, DSS appeals from a motion for review of the board payments ordered in a nonsecure custody order. Nonsecure custody orders are expressly excluded from the statutory list of appealable juvenile orders, and the motion for review is not a "final order" as defined in N.C. Gen. Stat. § 7B-1001. Accordingly, Appellant has no right of appeal from the trial court's ruling on its motion. Appellant, however, argues that it has a right to appeal under N.C. Gen. Stat. § 7B-1001(a)(1), which permits appeal from "[a]ny order finding absence of jurisdiction." We disagree.

First, the term "jurisdiction," used in reference to the trial court's order for foster care board payments, is a misnomer. " 'Subject mat-

ter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it[,'] . . .'[and] is conferred upon the courts by either the North Carolina Constitution or by statute.' " *In re McKinney*, 158 N.C. App. 441, 443, 581 S.E.2d 793, 795 (2003) (quoting *Haker-Volkening v. Haker*, 143 N.C. App. 688, 693, 547 S.E.2d 127, 130 (2001) and *Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987)). "Jurisdiction is the power of a court to decide a case on its merits; it is the power of a court to inquire into the facts, to apply the law, and to enter and enforce judgment. Jurisdiction presupposes the existence of a duly constituted court with control over a subject matter which comes within the classification limits designated by the constitutional authority or law under which the court is established and functions." *Jones v. Brinson*, 238 N.C. 506, 509, 78 S.E.2d 334, 337 (1953) (citations omitted).

Under N.C. Gen. Stat. § 7B-200 (a) (2007) the trial court "has exclusive, original jurisdiction over any case involving a juvenile who is alleged to be abused, neglected, or dependent." Nonsecure custody hearings are governed by N.C. Gen. Stat. § 7B-506 (2007), which directs the trial court to conduct hearings on the need for continued nonsecure custody in certain circumstances. Under Section 7B-506(d), if the trial court determines that the juvenile meets the criteria for nonsecure custody, "the court shall issue an order to that effect . . . in writing . . . signed and entered within 30 days of the completion of the hearing." Clearly, the trial court had jurisdiction over the nonsecure custody hearing and entry of a nonsecure custody order. Under N.C. Gen. Stat. § 7B-1000(b) (2007), if the trial court "finds the juvenile to be abused, neglected, or dependent, the jurisdiction of the court to modify any order or disposition made in the case shall continue during the minority of the juvenile[.]" Accordingly, the trial court had jurisdiction to conduct a hearing and to rule on Appellant's motion for review. We conclude that the trial court had jurisdiction over the proceedings and orders at issue in this case.

We further conclude that the issue raised by Appellant is not jurisdictional in nature. Appellant argues that the trial court erred by including in its nonsecure custody order a provision requiring DSS to pay foster care board retroactively to a date before the hearing. Assuming, *arguendo*, that the trial court erred in the scope of its order for board payments to K.C. and B.F., this does not necessarily deprive the court of jurisdiction. *See, e.g., In re A.R.G.*, 361 N.C. 392, 398, 646 S.E.2d 349, 353 (2007) ("absence of the juvenile's address on the petition did not prevent the trial court from exercising subject

matter jurisdiction over this juvenile action"); *In re C.L.C.*, 171 N.C. App. 438, 443, 615 S.E.2d 704, 707 (2005), *aff'd per curiam*, 360 N.C. 475, 628 S.E.2d 760 (2006) ("time limitations in the Juvenile Code are not jurisdictional"); *Parslow v. Parslow*, 47 N.C. App. 84, 89-90, 266 S.E.2d 746, 750 (1980) (case tried in district court; Court holds that, although "appropriate procedure" would have been to try case in superior court, "the defect is not jurisdictional") (citations omitted). In the instant case, Appellant fails to articulate why an error in the award of foster care board fees would deprive the trial court of jurisdiction over the case.

Appellant also asserts a right to appeal based on the trial court's findings of fact numbers seven (7) and nine (9):

7. The Court recognizes now that the Juvenile Court had no jurisdiction regarding the care, custody or provision of services for [A.T.] prior to July 3, 2007.

9. Although the Court had no jurisdiction, the Court continues the July 9, 2007 Court Order as previously entered.

Appellant contends that the presence of these findings compels a conclusion that this is an order "finding absence of jurisdiction" and therefore subject to appeal. We disagree.

The trial court did not rule that it lacked jurisdiction to decide DSS's motion for review. Instead, the court addressed the merits of DSS's motion for review and issued an order denying the requested relief. Consequently, the order is not one "finding absence of jurisdiction." Further, it is not transformed into such an order merely because the trial court questioned whether it had the authority (characterized in the order as its "jurisdiction") to order foster care board rates in a nonsecure custody order that the court entered months earlier. We conclude that the court's ruling on Appellant's motion is not subject to immediate review as an order "finding absence of jurisdiction" in the meaning of N.C. Gen. Stat. § 7B-1001(1).

For the reasons discussed above, we conclude that the Appellant's appeal must be

Dismissed.

Chief Judge MARTIN and Judge ELMORE concur.